Porter, J.
The plaintiff claims the right of being placed among the privileged creditors of the insolvent, and paid in preference to those merely personal—on the ground that the debt due him, arose from a deposit.
The facts, proved in the case, show that Seghers had been employed as attorney by the plaintiff, to attend to several suits, and collect debts, and that he received a compensation for so doing. In the month of July, 1812, there was a settlement of their accounts, and a check was received by the plaintiff for the balance due, $5900 7 cents, which, it would appear from the evidence, he retained in his hands several years, without presenting it for payment. It is the amount of this check, that is now contended, should be paid as a privileged claim.
This is clearly not a regular deposit, where the depository is obliged to return the identical thing confided to his care. The plaintiff admits that it is not; but insists it is that species of contract known to our law, *485 called an irregular deposit, which is made of money, or other things that consist in number, weight and measure, and which are delivered without any restriction on the depository’s using them, but merely with the obligation to return the same quantity of the article received.
There is no doubt from the authorities cited in argument, that this definition of an irregular deposit is correct, and that it gives the preference claimed. The only question here is, whether the contract now before the court comes within the definition given?
It is believed that it is of the essence of this contract, whether the deposit be irregular or regular, that it should be entered into without compensation on the part of him who receives the object in his care. Pothier Traité du contrat de Depot, chap. 1, art. 2, sec. 3, no. 13. Febrero, part 1, chap. 4, sec. 3, in the language of our Code, it is essentially gratuitous. Civil Code, 410, art. 4.
It is equally necessary that the will of both parties should concur in the contract, that there should be a delivery of the thing to be deposited, and that the principal object of this delivery, should be the taking care of the *486 thing. Pothier, ibid. chap. 1, art. 2, Civil Code, 410, art. 1 and 2, 412, art. 8.
Applying this law to the case before the court, we find that the debt of $5900, was the balance of monies coming into the hands of Seghers, as a lawyer collecting various demands of the plaintiff. The account presented by the plaintiff, and annexed to the petition, shews that $1500 were paid for fees, and other expenses, incident to these services. There is nothing gratuitous in this.
But the plaintiff insists that these payments were made to the insolvent for his services, as a lawyer, prosecuting the claims put into his hands to judgment—that receiving and paying over the money, made no part of his duty, and that, what he did in that respect was entirely gratuitous.
The evidence does not prove this. It shows that the services of the attorney did not end with the judgment; on the contrary, that he acted as the agent of the plaintiff afterwards. The account, already referred to, establishes the fact, that he settled and arranged those judgments by receiving part in cash, and part in other securities, which he paid over. How can it be said, that these services were not included *487 in the sum charged and allowed in the settlement, or that the compensation related alone to obtaining judgment?
But admitting that the evidence did support the plaintiff in the petition, where is the consent of Durnford, that Seghers should be his depository? I cannot discover from the evidence, that he intended the attorney should do any thing more than collect his money, and pay it over, or that he ever contemplated it was to be left in his hands. Pothier, in his treatise already cited, no. 9 ; states, that to make a contract of deposit, it must appear, “que la principale fin de la tradition soit uniquement que celui a qui la tradition est faite se charge de la garde de cette chose.” He puts many cases to illustrate this doctrine, and among others, that taken from the Digest, 16, 3, 1, no. 13; that if one party charges another to receive, and take care of an object, which was in the hands of a third person, that this does not make a contract of deposit; because the principal object of the contract, was not that the thing should be kept, but that it should be taken out of the hands of him who had it in possession. It is not easy to perceive the distinction between that case and the one now *488 before the court, unless it be in circumstances still more adverse to the claim here set up—namely—that the attorney took the money, (as the plaintiff insists) without any particular authority to that effect ; and that he received, (as I understand the evidence) a compensation for so doing.
I see nothing in the transaction which distinguishes it from the ordinary case of an agent collecting money on commission, and it is to my mind, a totally different contract from that of one man depositing in the hands of another, an object to be gratuitously kept for his benefit.
I am therefore of opinion, that the judgment of the district court be annulled, avoided and reversed, and that the plaintiff be placed as a simple creditor, on the tableau of distribution of the insolvent estate; that the appellee pay the cost of this appeal, and that the costs in the district court be borne by the appellants.