### *CHEW ET AL. vs. McDERMOTT.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE THEREOF PRESIDING.

The plaintiff must seek redress by personal action against the co-heir or his representative, before he can attack the third possessor.

This was an action by the heirs to compel the vendee of

a co-heir to contribute to the payment of a debt for which the estate in his possession had been mortgaged by the ancestor.

Their was judgment for the defendant and the plaintiffs appealed.

*Porter, J.,* delivered the opinion of the Court.

The petition states, that one Samuel Chew died in the year 1820, and by his last will and testament, acknowledged he had sold part of his estate to his son Edward R. Chew, and bequeathed the remaining portion of his estate to his said son, and to his wife Nancy Chew, and his daughter Sarah Ann Chew.

That the wife and daughter have since died intestate, leaving the petitioners and Edward R. Chew, their forced heirs, and that the property so bequeathed was liable to a mortgage to one Johnson.

That the property received by the petitioners has been made liable for the mortgage deed : that the defendant has part of the property left by Samuel Chew, which she acquired by a sale from Edward R. Chew, the son, and that this property ought to contribute in a *pro rata* proportion to the discharge of the mortage which incumbered it equally with that received by the petitioners.

The petition concludes with a prayer, that the defendant may be condemned to pay the proportion of the mortgage debt, according to the value of the property in her hands.

The answer denies the liability, and asserts that one of the slaves now held by the defendant, is in litigation, and that no contribution should be made for this portion until her title is secured.

It further avers, that the petitioners as heirs were bound for the debts of Samuel Chew, deceased, and consequently are obliged to indemnify their possessors, who have acquired property from the heirs, from any claim against the estate of Chew, from whom they inherited.

The court of the first instance gave judgment against the petitioners, and they appealed.

It makes a part of the statement of facts, that Edward R. Chew, under whom the defendant claims title, has died since the inception of this suit. If the plaintiffs are his heirs, this action could not be sustained, for their responsibility, as his representatives, would destroy their right to attack and annul his acts. But the record does not give explicit information on this head. The case may then be considered as on the allegations of the petition, and they present the question, whether property mortgaged for the debts of the ancestor, which is in the hands of a purchaser, from one of the heirs, can be made contribute at the suit of the co-heirs to the discharge of the mortgage debts, or to the reimbursement of the money paid by them in discharge of such debts. That question we do not find it necessary now to decide : being of opinion, that at all events, the plaintiffs must first seek redress by personal action against the co-heir or his representatives, before they can attack the third possessor. This doctrine appears to us results from the 1382d, 1384th and 1386th articles of *the Louisiana Code.*

*The plaintiff must seek redress by personal action against the co-heir or his representative, before he can attack the third possessor*

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.

