GEORGE CURRIE DUNCAN *v.* LUCIUS W. ELAM.

Where one who has sold a tract of land and slaves, and received in payment from his vendee notes secured by mortgage on the property, takes back the land and gives up the notes with the exception of one equal to the value of certain slaves retained by his vendee, which he endorses; on an application by the holder for an order of seizure and sale *held*, that the vendor being personally liable for the debt, cannot be considered as a third possessor, and entitled to the notice required by the Code of Practice, art. 69. A third possessor is one, who not being liable for the debt, has the privilege of discharging himself by abandoning the mortgaged premises.

Where on an application for an order of seizure and sale, the act of mortgage is annexed to the petition, which concludes with a prayer that the slaves mortgaged may be seized and sold, all the slaves mentioned in the mortgage may be included in the order of sale, though a part of them are not named in the petition.

On an application for an order of seizure and sale by the holder of a note endorsed by the defendant, and secured by mortgage on property sold by the latter to a third person by whom the note was made but subsequently reconveyed, proof of the recording of the original act of sale will not be necessary as against the defendant, he being owner and possessor of the property and personally bound for the debt.

By receiving a pledge from his debtor, a creditor incurs no obligation to grant a delay.

The endorsers of a note secured by mortgage, may, subsequently to the endorsement, execute an authentic act recognizing such endorsement, and an authentic subrogation of the mortgage to secure its payment.

APPEAL from the District Court for the parish of Catahoula, *Wilson,* J.

*Brent* and *Ogden,* for the plaintiff.

*Mayo,* for the defendant and appellant, contended that the judgment should be reversed. 1. There is no evidence of ten days notice to the defendant, who is a third possessor, after the expiration of thirty days demand from the debtor. Code of Pr., 69. 6 Martin, N. S. 310. 4 La., 323–4. 2. The order of seizure and sale extends to two slaves not mentioned in the petition. 3. There is no allegation in the petition that the act of sale from Elam to Cuny and Taylor was recorded; without such allegation evidence

could not be offered to prove it, nor could the order of seizure and sale be granted without such proof. 12 Martin, 643. 2 Ib., N. S., 359. 3 Id., 225, 511. 5 Id., 38. 6 Id., 241–3. 1 La., 214.

MARTIN, J. The facts of this case are these: The defendant sold·a tract of land and slaves to Cuny and Taylor, for a sum of money, which was to be paid in six yearly instalments of unequal amounts, for which he took their several notes, secured by mortgage. He negotiated one of them which was for nine thousand dollars, and afterwards took a retrocession from his vendees, who engaged to take it up, and in consideration of this, retained some of the slaves, which were excepted from the retrocession. This they failed to do, and the plaintiff became the holder of the note. The defendant being liable as endorser, pledged to the plaintiff a note of Jesse A. Bynum for eight thousand three hundred and thirty three dollars, secured by a mortgage; and the deed of pledge contains a clause by which the pledgor engages to pay the costs of any suit which the pledgee might be obliged or see fit to institute on said note, which was payable on the first day of January, 1841, but Bynum was at liberty to delay the payment until the first of March following. On the 23d of February, the plaintiff took out an order of seizure and sale to enforce the payment of the note out of the property originally mortgaged by Cuny and Taylor to the defendant. The latter took the present appeal from this order. His counsel has placed the case before us on the following assignment of errors. 1st. The affidavit is insufficient, the appellant being a third possessor, as it is not asserted that he had ten days notice after the expiration of thirty days demand on the original debtor. 2d. The order of seizure and sale incorrectly extends to two slaves, as to whom the petition is silent. 3d. The petition does not allege that the defendant's sale to Cuny and Taylor was duly recorded, it is not made part of the petition, and no certificate of record is mentioned. 4th. Bynum's note is no way accounted for. 5th. The authentic transfer of the mortgage by the plaintiff's endorsers was made after the endorsement of the note, when they had no interest therein, nor in the mortgage by which its payment was secured.

I. The appellant being personally liable for the debt, cannot be considered as *a third possessor* in the extent of the word. It is of

the essence of third possession, that the possessor, not being liable for the debt, has the faculty of discharging himself by abandoning the mortgaged premises.

II. It is true that the two slaves alluded to, are not named in the petition, but they are in the act of mortgage which is annexed to the petition, and which concludes with a prayer that the slaves mortgaged may be seized and sold.

III. With regard to the defendant, who is the owner and possessor of the slaves, and personally bound for the debt, no recording is necessary.

. IV. The plaintiff received Bynum's note, not in payment, but in pledge; it was not yet payable at the date of the order of seizure and sale; the deed of pledge left him at liberty to sue or not; the pledgor promissing to pay the costs which the plaintiff might incur in any suit he might be obliged or see fit to institute. He was not *in mora* when he prayed for this order of seizure and sale, nor is it alledged that he is so at this time. The creditor who receives a pledge from his debtor, does not thereby incur any obligation to grant him a delay.

V. The plaintiff's endorsers might well, after their endorsement, give him an authentic act recognizing their endorsement of the note, and an authentic subrogation of the mortgage which had passed to them with the note it was intended to secure.

GARLAND, J., dissenting. This suit was commenced by executory process, against the defendant, as the endorser of a promissory note, and on a subsequent agreement to pay it. The petition charges him as being personally responsible, and also as the third possessor of the property mortgaged to secure the payment of the note.

It appears that Elam, in March, 1837, sold to P. M. Cuny and W. H. Taylor, a plantation and slaves in the parish of Rapides, for sixty thousand dollars, and took their several notes, with mortgage to secure the price, among them the note now proceeded on, which he, Elam, had transferred to the plaintiff by endorsement. Sometime after this, Cuny resold or retroceded to Elam all his right and interest in the plantation and slaves, and all the notes given were returned, except the one sued on amounting to nine

thousand dollars, and one other of one thousand five hundred dollars which Cuny agreed to pay, in consideration of which, Elam permitted him to retain the title and possession of seven valuable slaves; and the whole original sale was thus cancelled. The reason these two notes were not given up, was because Elam had transferred them to Barrett & Co., from whom, through an intermediate person, they had gone into the hands of the plaintiff. The note now sued on, not being paid at maturity by Cuny and Taylor, was protested, and notice given to Elam as the endorser.

On the 19th December, 1840, Elam went before a notary in New Orleans, and acknowledged that he was indebted to plaintiff in the sum of nine thousand dollars, and interest, as endorser of the promissory note aforesaid, which was secured by the mortgage from Cuny and Taylor, to him, Elam. 'And the said Elam being desirous to secure unto said Duncan the payment of the above described note, and the interest thereon until final payment, and for which he is bound unto said Duncan as endorser thereon, as above set forth.—Now therefore, he, Elam, does hereby pledge and pawn as collateral security, in favor of said G. C. Duncan here present, and accepting for himself, &c.,' a promissory note drawn by Jesse A. Bynum, to the order of and endorsed by said Elam, payable on the 1st of January, 1841, for the sum of eight thousand three hundred and thirty three dollars and thirty three cents, with interest at ten per cent from January 1st, 1839; the payment being secured by a mortgage, &c.; said Bynum having the privilege of postponing the payment of the note until March 1st, 1841, by paying ten per cent interest. And for the purposes above stated, Elam transferred and subrogated Duncan to all his interest, rights and actions, hypothecary or otherwise, against Bynum, on the note and mortgage in case of non-payment. And in case Duncan should be obliged, or see fit, to commence legal proceedings by suit or otherwise, Elam covenanted to pay all costs and expenses attending the collection of Bynum's note.

Bynum's note, due on the 1st of January, 1841, was not paid on that day. Duncan took no steps to collect it, nor did he wait until the expiration of the term to which he, Bynum, had a right to postpone the payment, to wit: the 1st of March, 1841, but on the 22d of February, 1841, without making any effort to make

Cuny and Taylor responsible, or to proceed against the plantation in the parish where the sale was passed, or returning to Elam the note of Bynum, the plaintiff commenced this executory proceeding against Elam in a parish where the slaves only, were in his possession, and set up this act of pledge as the ground of his being directly liable.

Without the act of pledge, it is perfectly clear to my mind, that no direct executory proceedings could have been had on the part of the plaintiff against the defendant. Duncan had no right to proceed directly on the original mortgage from Cuny and Taylor to Elam; there being no subrogation as to him, Elam, stood responsible only as endorser of the note and third possessor of the property. The act of pledge is therefore the basis of his action; without it, the plaintiff would have no right to the process he has obtained, and I do not think he should have the benefit of such summary measures as have been taken, without complying with a single stipulation on his part, or offering to surrender the note pledged.

The plaintiff, not satisfied with a lien on a tract of land and slaves, estimated in 1837 to be worth sixty thousand dollars, to secure the payment of nine thousand dollars, induces the defendant to pledge to him a note secured by mortgage for nearly the same sum, and in a few weeks after, without waiting until the expiration of the time, to the end of which Bynum had a right to postpone the payment of his note, proceeds with an order of seizure and sale, without returning the note pledged. One means by which the defendant might have raised the money to have satisfied the debt he owed, was taken from him by the act which entitled the creditor to the process he has resorted to; and I think he ought to restore it, or carry out the contract in good faith, by making some effort to coerce Bynum to pay his note. It is administering the law in a mode that gives every thing to the creditor, and oppresses the debtor in a manner not contemplated by the contract.

After a careful examination of the facts of the case, I am of opinion that the opposition of the defendant should be maintained.

*Judgment affirmed.*