TIMOTHY C. TWICHEL *v.* HORTAIRE ANDRY and wife.

The insolvency of a husband, who has made a surrender of his property, does not de-
prive him of his marital power, of appearing in court to assist his wife, nor prevent
his being made a defendant for that purpose.  C. P. 118.

Plaintiff, a builder, having erected certain houses on lots belonging to the husband of
the appellant and a third person, the wife intervened in a notarial act of settlement
between the builder and her husband, and his co-proprietor, for the purpose of re-
nouncing her legal mortgage on her husband's property.  It was stipulated by the
act, that certain notes should be given by the husband and his co-proprietor, for a
balance of the price due to the builder, which were executed and identified with the
act ; and the builder's privilege was expressly reserved to the amount of the notes.
The appellant having subsequently obtained a judgment of separation of property,
ascertaining her rights, levied a *fi. fa.*, on all the property of the husband, and,
among the rest, on his undivided half of the lots on which the buildings were
erected.  The whole was adjudicated to the appellant, who, in part payment of the
price, assumed to pay the amount of the note sued on, *as due to the builder by privi-
lege in his favor resulting from a building contract.*  In an action against the wife
for the amount of the note :  *Held,* that though the debt originated in a contract of
the husband's for improving his own property, the price of the property purchased
at the Sheriff's sale, was the consideration for which she assumed to pay the debt,
which was contracted for her private benefit ; (C. P. 683, 706, 707 ;) that the stipu-
lation in the act was for the benefit of a third person, who, by the institution of the
suit, consented to avail himself of the advantage stipulated in his favor ; (C. C. 1884.
C. P. 35 ;) that plaintiff acquired under the stipulation, the right of exercising his
privilege on the property subject thereto, and also of enforcing his claim against
the appellant personally ; and that there should be judgment for the plaintiff.

A third possessor, personally liable for the debt, is not entitled to the exceptions
which one not so bound, might oppose to the creditor's hypothecary action, and
cannot relinquish the property mortgaged.  C. C. 3366, 3368.

APPEAL from the City Court of New Orleans, *Collins,* J.

*Wharton,* for the plaintiff.

*Castera,* for the appellant.

SIMON, J.  The plaintiff seeks to recover the sum of $750
with interest, alleged in the petition to be due, *in solido,* by the
defendants, who are husband and wife, upon a note subscribed by
the husband, to the order of William Debuys, and endorsed by
the latter ; the amount whereof appears, on the face of the note,
to be secured by privilege on certain buildings, according to the
stipulations contained in a notarial act which was duly recorded,
and in consideration of which buildings, the same was executed.

Twichel v. Andry and wife.

The wife first pleaded, that being a married woman, she could not appear in court without the authority of her husband, or of the court. On this exception, the Judge, *a quo*, conceived that, although the suit was brought against both husband, and wife, it was proper that he should authorize the wife to make her defence without the assistance of her husband; and he gave an order accordingly.

She answered to the merits by pleading, that she is not in any manner indebted to the plaintiff; that the debt sued on was contracted by her husband during the marriage; that whether separated in property from him or not, she cannot bind herself for her husband, or conjointly with him, for debts contracted by him before or during the marriage; and that she is separated in property from her co-defendant. She also avers, that having become the purchaser of her husband's property, she can only be prosecuted by an hypothecary action; that her husband is in insolvent circumstances; and that no action can be maintained against herself, until a syndic be legally appointed.

Judgment was rendered below against the wife for the amount sued for, with privilege as prayed for in the petition; from which judgment she has taken this appeal, with the assistance and authorization of her husband.

The record contains a bill of exceptions, in which it is stated, that the appellant objected to going into the trial of this cause, on the ground that her co-defendant having applied for the benefit of the insolvent laws of this State, can no longer be a party to the suit, and that she is, therefore, not authorized and assisted by him as required by law. This objection was overruled by the court, *a qua*, and the case ordered to be tried, to which opinion of the inferior court, her counsel excepted.

The insolvency of the appellant's husband and co-defendant, appears to have been taken for granted, for there is no evidence in the record to show it, except a document entitled a "Schedule of the affairs of H. Andry." But, supposing him to have become insolvent during the pendency of the suit, this could not preclude him from appearing in court to assist and authorize his wife. This insolvency did not deprive him of the marital power, and he could still be made, or kept in court, as a party defendant

for that purpose. Code of Practice, art. 118. 4 La. 258. Here, however, besides the assistance of her husband, upon whom a citation had been served, there was also the authorization of the Judge, granted in consequence of the appellant's exceptions ; and we are unable to perceive the object of her counsel in objecting to proceed to the trial, unless he wished that his client should be assisted by the syndic of her husband's estate, to whom the law gives no such authority. The objection was properly overruled.

On the merits, the record discloses the following facts : H. Andry and Wm. Debuys entered into a building contract with two under-takers, who agreed to build three houses or stores on three lots of ground belonging to said Andry and Debuys, for a certain sum of money, to be paid at certain periods mentioned in their notarial contract, for a part of which, by an authentic act of settlement subsequently passed with the undertaker, the owners of the lots gave two notes of $750 each, (one of which is the note annexed to the plaintiff's petition,) with an express reservation of the builder's privilege on the three stores, to the extent of the notes and interest. The notes were accordingly identified with the act, by being paraphed *ne varietur*, by the notary. The appellant had intervened in this act for the purpose of renouncing her legal mortgage on her husband's property.

Several months afterwards, the appellant having obtained a judgment of separation of property against her husband, in which her rights were liquidated at a very large amount, issued an exe-cution against him, which was levied on all his property, and among others, on his undivided half of the three lots, on which the three stores had been erected, and which were subject to the builder's privilege. All this property was offered for sale by the Sheriff, and adjudicated to the appellant for the sum of $5400, in part payment of which she assumed *the payment of the sum of $750*, (the amount of the note sued on,) *due to the undertaker, secured by privilege in their favor resulting from a building con-tract*, &c., so that she became personally bound to pay the amount sued for, as part of the price or consideration of the property pur-chased by her at the Sheriff's sale. At that time, the note sued on was under protest, being endorsed by Wm. Debuys, and by the plaintiff, who claims the amount thereof as his property.

From the answer filed by the appellant, the defence appears to be twofold : *First,* That she is not bound to pay the amount claimed, as she could not bind herself for her husband, or conjointly with him, for a debt contracted during the marriage.

*Second,* That as the purchaser of her husband's property, she could only be proceeded against as a third possessor, by an hypothecary action.

I. This debt was not contracted by the appellant for the benefit of her husband or of the community. It is true, it originated from a contract entered into by the husband for the purpose of improving property which belonged either to him or to the community; but the consideration for which she assumed to pay the debt, was the price of property by her acquired at the Sheriff's sale, and which, under articles 706 and 707, of the Code of Practice, she became bound to pay to the privileged creditor, as a part of the price of the adjudication. The plaintiff's privilege was preferable to the appellant's legal mortgage; nay, she had even renounced her mortgage in favor of the then holder of the note sued on. She knew that the debt must be satisfied first; and, in assuming the payment thereof, she did nothing but what any other individual purchaser of property at a Sheriff's sale would do, in discharge of the price of the adjudication. This debt was contracted by the appellant for her private benefit. Under art. 688 of the Code of Practice, she had a right to bid for the property seized and offered for sale, on the same terms as any other person. The proceedings had in obtaining her judgment against her husband, in issuing the execution, and in carrying the sale into effect, were had under the authority of the Judge, before whom her suit had been instituted, her husband's interest in the same being adverse to hers ; and it is obvious that she cannot keep the property by her purchased, without paying the price thereof. Art. 2412 of the Civil Code, does not apply to such a case.

II. This ground of defence is also untenable. As we have already said, the appellant having assumed the payment of the note sued on, became personally bound to pay the amount thereof as a part of the price of the adjudication of the property purchased at the Sheriff's sale. It was a stipulation made for the benefit of a third person, who by the institution of this suit, consents to

avail himself of the advantage stipulated in his favor. Civil Code, art. 1884. Code of Practice, art. 35. It is clear, that the plaintiff has not only acquired the right, under the stipulation, of exercising his privilege on the property subject thereto, but also of enforcing his claim against the appellant personally. 2 La. 135. 4 Ib. 238. 5 Ib. 316. 18 Ib. 42. It is well known, that a third possessor who is personally liable to pay the debt, is not entitled to the exceptions which he might otherwise oppose against the creditor's hypothecary action, and cannot relinquish the property mortgaged. Civil Code, art. 3366 and 3368.

*Judgment affirmed.*