## MARY M. SOWELL and Husband *v.* WILLIAM P. COX.

Where the plaintiff, in a petition to enjoin an order of seizure and sale obtained on a mortgage to secure a note, alleges the illegality of the note as the ground of enjoining the sale, the injunction cannot be dissolved on the face of the pleadings. An injunction may be had, whenever it is necessary to preserve the property in dispute pending the suit.

Wherever it is shown that the consideration of the obligation of a married woman, contracted jointly with her husband, enured to her use and benefit, and was not a thing which her husband was bound to furnish her with, she will be bound thereby. She cannot, in such a case, be considered as having bound herself as security for her husband, or conjointly with him for a debt in which he alone is interested. As where a sum of money, for the repayment of which a note was executed jointly by the husband and wife, was applied to the extinguishment of a debt due by the husband to a minor, which was secured by a general legal mortgage existing on certain property of the husband's at the time of its purchase by the wife. *Per Curiam:* The consideration of the obligation may be viewed as a part of the price of the property purchased by her.

To entitle an inferior mortgagee to be paid, under art. 403 of the Code of Practice, out of the property seized, in preference to one having only a general or legal mortgage, he must prove that the debtor has other property of sufficient value to satisfy the anterior general or legal mortgage.

APPEAL from the District Court of East Baton Rouge, *Johnson, J.*

*A. M. Dunn* and *Elam,* for the appellants.

*G. S. Lacey,* for the defendant.

SIMON, J. An order of seizure and sale having been obtained by the defendant, Cox, on an act of mortgage importing a confession of judgment, which mortgage was executed by the plaintiffs on certain slaves declared in the act *to be the separate and*

*paraphernal property of Mrs. Mary M. Carney, one of the obligors,* for the purpose of securing the payment of a note of $600, executed by said plaintiffs to the order of the defendant for value received, and which note was paraphed "*Ne varietur*" by the notary who passed the act, the present suit was instituted by the said Mary M. Carney, wife of William Sowell, with the assistance and authorization of her husband, with the view of arresting the sale of her slaves, and of being discharged from the payment of the note by her executed jointly with her said husband.

She states in her petition, that she is separated in property from her husband, by judgment rendered on the 3d of July, 1841, on which day she recovered against him, among other things, a judgment for $5,000. That having issued an execution which was levied on the property of her husband, she purchased at a sheriff's sale, on the 27th of October, 1841, a number of slaves whom she names, and thereby acquired a title thereto. She further represents that, afterwards, she was induced to sign, conjointly with her husband, a promissory note for $600, payable to W. P. Cox, with interest, and to execute with her said husband, a mortgage in favor of said Cox, on the aforesaid slaves acknowledged in the act to be her paraphernal property. That said note and mortgage were not given for any debt due by her, or for any contract by which she was benefitted, but were for a debt due by her said husband to Cox. She complains of the order of seizure and sale obtained by Cox and issued at his request, and says that she is advised that she could not bind herself conjointly with her husband, in any contract for his benefit, or for him. She, therefore, prays that an injunction may be issued to prevent the sale of her slaves, that the mortgage be cancelled, and the injunction made perpetual.

The defendant first moved to dissolve the injunction, with interest and damages, on the ground that no such reason is alleged in the petition for obtaining the same, as is contained in art. 739 of the Code of Practice. On the next day he filed his answer, in which it is alleged that the property seized is the property of Wm. Sowell. He further states that the note and mortgage by him sued on, were made and given for

the benefit of the plaintiff Mary, and for her separate advantage, and that she derived great gain therefrom. He prays for judgment against the said plaintiff and her surety on the bond, for interest and damages, &c.

The inferior court set aside the injunction, and ordered the property seized to be sold according to law; and from this judgment, the plaintiffs have appealed.

By admissions of counsel contained in the record, it is established that William Sowell was appointed tutor to the children of Joshua Lizenby on the 25th of March, 1835; that the plaintiffs were legally separated in property, by a judgment rendered on the 12th of June, 1841, in which the wife recovered $5,000, justly due her by her husband, as being the price of a tract of land belonging to her, and sold by her and her husband on the 20th of March, 1839, but the amount whereof was received by Sowell. That the act of sale recites that it is declared, that a tacit mortgage exists on the property of William Sowell in favor of the heirs of J. Lizenby deceased, for whom he is tutor. It is further admitted that the negroes named in the petition are the same mentioned and purchased by the plaintiff Mary, at the sheriff's sale, on the execution of her judgment of separation; that the necessary steps were taken to make said judgment legal by publication and otherwise; that the consideration of the note sued on, was for money borrowed by Sowell of the defendant, Cox, and appropriated to a debt he owed to Jane Lizenby as tutor to her; that the plaintiff Mary, was not present at the time of the payment of the same to Sowell; that the money borrowed upon the note, amounting to $593, was applied by Sowell to the payment of a debt due to Jane Lizenby, a minor, from said Sowell as her tutor; that the debt was discharged by such payment; that Cox paid the notary's fees, which were reimbursed in said note; and that Jane Lizenby is now of age and married.

With this evidence before us, the defendant's counsel has contended : First, that the injunction should have been dissolved on his motion, because no such reason is alleged in the petition for obtaining the same, as is contained in art. 739 of the Code of Practice. Secondly, that the plaintiff Mary, by signing the

Sowell and Husband v. Cox.

note and mortgage, derived such benefit from the transaction as must make her personally liable, although the money borrowed was appropriated to pay a debt of her husband.

I. This point is presented by a bill of exceptions taken to the court's overruling the motion made to dissolve the injunction, and we think the judge *a quo* did not err. It is alleged in the petition that the plaintiff Mary, was induced to sign the note and mortgage sued on, conjointly with her husband, to secure a debt not due by her, but which was due by her said husband, and that she could not legally bind herself with him, or for him in any contract for his benefit. This allegation amounts to setting up the illegality of the obligation under art. 2412 of the Civil Code, which prohibits absolutely any contract by which a married woman, whether separated in property or not, binds herself for her husband, or conjointly with him, for debts by him contracted before or during the marriage. Such an obligation would be void, as being an unlawful one, which, she states under oath, she has been induced to consent to. Taking the allegation as true on the face of the petition, the obligation might, perhaps, be considered as one of those which, having been obtained by unlawful means, are provided for in the 6th paragraph of the article relied on. But here the injunction was applied for according to the rules pointed out by § 5, sect. 4, chap. 2, art. 1 of the Code of Practice, from arts. 296 to 309, among which, art. 303, provides for the granting of injunctions in all cases in which it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties from doing any act injurious to the other; and the plaintiff Mary, gave a bond accordingly, whilst such a bond is not required by article 740 of the Code of Practice. It was clearly necessary, under the issues set up by the said plaintiff, that her slaves should not be sold; and, we think, that the reasons stated in her petition were sufficient to authorize the granting of the injunction, which the court *a quâ* properly refused to dissolve until the trial of the case on its merits.

II. On this question, we think the judge *a quo* did not err. It is true that if the obligation sued on, and the mortgage given to secure it, stood alone, the plaintiff Mary would not be bound to

pay the same, as under art. 2412 of the Civil Code, she was incapacitated from contracting it for the benefit of her husband, and as the money borrowed from the defendant was used for the purpose of paying a debt of her said husband; but the evidence establishes that the debt which was satisfied with the funds borrowed of the defendant, was one bearing upon the very property purchased by the plaintiff, and was secured by a legal mortgage on the said property long anterior to her own, and was to be satisfied out of the proceeds of the sale thereof in preference to her judgment. Thus, it is shown, that if the minor heirs of Lizenby had exercised their right of legal and general mortgage against the property of their tutor, the plaintiff Mary would have been compelled either to relinquish the property by her purchased at the sheriff's sale, or to pay the amount due them, unless she could show, under art. 715 of the Code of Practice, that there was other property in her husband's possession sufficient to satisfy said minors' claim; and this would have been the result of the opposition of said minors to the sheriff's paying over to her the proceeds of the sale of the property by her seized, if they had intervened in the proceedings by virtue of their right of preference, that is to say, she would have been obliged to lose the very amount sued for, and to suffer it to be paid over to them by the sheriff, unless she could have proved that the defendant had other property of sufficient value to satisfy the claim of the third opponents. Code of Practice, art. 403. It is clear, therefore, that the plaintiff Mary was benefitted by the contract sued on; that her property became thereby discharged and freed from a previous mortgage bearing upon it; and that the money borrowed was employed for her advantage. It is a principle of justice repeatedly recognized and applicable to this case, that no one ought to be permitted to enrich himself at the expense of another; and it is obvious that if the said plaintiff was to be discharged from the obligation by her contracted, she would enrich herself at the expense and prejudice of the defendant, whose money has been used for her benefit. It is well settled that when it is shown that the consideration of the obligation of a married woman, contracted conjointly with her husband, was received to her own use and benefit, and has turned to her advan-

tage, and was not a thing which the husband was bound to furnish her with, she is liable, and must comply with her contract ; (7 Mart. 488. 7 Mart. N. S. 64. 10 La. 147) ; for then, she cannot be considered as having bound herself as security for her husband, nor as obligating herself conjointly with him for a debt in which he is alone concerned. Yet, it may be true, that the debt which was extinguished with the defendant's money, was one originally contracted by the said plaintiff's husband, but it bore upon the property purchased by the wife ; said property was liable to be seized and sold in satisfaction thereof; and her situation was not in any manner made worse by the loan obtained from the defendant. On the contrary, it was bettered, as it gave her a clear title to the property ; and as we found in *Twichell* v. *Andry*, (6 Rob. 407) the consideration for which she assumed to pay the debt sued on, may be fairly considered as a part of the price of property by her acquired at the sheriff's sale. It follows, therefore, that the debt was contracted by the appellant for her private benefit.

The appellants' counsel has contended that the situation of the appellee cannot be better than would be the minor Lizenby, who, if she had judgment against her tutor, and an execution issued, would have had to show, under the 403d art. of the Code of Practice, that her tutor had other property, sufficient to satisfy the said plaintiff's general mortgage. It is exactly the reverse. Under the article quoted, the plaintiff Mary, having the inferior general mortgage and being the vendee of the property, would have been bound, in order to be paid out of the price thereof, or to avoid the hypothecary action, to prove that the defendant had other property of sufficient value to satisfy the superior one. She had the affirmative of the proposition, and the proof must have been within her power. 2 Mart. N. S. 66. Here, however, nothing of this kind has been attempted, and no proof has been offered to show that the plaintiff's husband had, at the time of the loan, other property in his possession, of sufficient value to satisfy the minor's claim. If such proof had been adduced, the result of this case might have been very different.

*Judgment affirmed.*