## MRS. T. ROBERTSON *v.* C. H. DAVIS, her Husband.—KELLY, CONYNGHAM & Co., Intervenors.

The wife has no action against her husband for a dissolution of the community, unless she has rights and claims against him, which are in danger from his embarrassments or mismanagement.

A note, given by the husband and wife, is not binding on the latter, unless it be proved that the consideration enured to her separate benefit.

Where the husband and wife each had a plantation at the time of the marriage, and the merchant kept the account of both plantations in the name of the husband, and the proof does not distinguish the items which relate to each, judgment will not be rendered against the wife.

APPEAL from the District Court of the Parish of East Baton Rouge, *Burk.* J.   *J. M. Brunot* and *E. W. Robertson*, for plaintiff.   *C. Ratliff* and *A. M. Dunn*, for defendant and appellant.   *G. S. Lacey*, for intervenors.

BUCHANAN, J. The plaintiff's action is threefold:

1. For the administration of her paraphernal estate.
2. For a separation of property.
3. For a partition of the common property.

The Judge, by an order made immediately on the filing of the petition, gave to the plaintiff the administration and management of her paraphernal estate.

He also granted an injunction in acccordance with the prayer of the petition, inhibiting the defendant from disposing of the effects belonging to the community of acquets, until the further order of the court.

In the progress of the trial in the court below, the plaintiff discontinued so much of her suit as demanded a partition of the common effects.

The plaintiff and defendant were married in 1849. Plaintiff owned at the time of the marriage, a sugar plantation in East Baton Rouge and slaves. Her husband had the administration of this paraphernal estate, with her consent, until the institution of this suit, in January, 1852. The right of the married woman to resume at any time the administration of her paraphernal property, is ordered by Article 2364 of the Civil Code. It has not been denied in the defendant's pleadings, nor is there any proof that the defendant ever refused to allow his wife to administer her paraphernal property. So far as that branch of the suit is concerned, the plaintiff's object was accomplished as soon as the petition was filed, by the order of the Judge above mentioned.

As to the demand in separation of property, it is put in the petition upon the ground of the disorder of defendant's affairs. There is no evidence in the record to support this allegation of the petition; and the law does not give to the wife an action against her husband for a dissolution of the community, unless she has rights and claims against her husband, which are in danger from his embarrass- ments or mismanagement. No such case is here presented, and the plaintiff's action must consequently fail.

*Kelly, Conyngham & Co.*, a commercial firm in New Orleans, have intervened in this suit, alleging themselves to be creditors of plaintiff and defendant jointly and severally, of the community, denying the right of plaintiff to have a partition of the community property until the community should cease by the dissolution of the marriage, or until the debts of the community be paid; praying that the demand of plaintiff for a partition be rejected until the debts are paid, and that the common property be sold to an amount sufficient to pay intervenors' claim, and to be decreed the privilege of factors and furnishers of supplies on the crops and on the plantation. Intervenors exhibit an account current, showing a balance of $8434, which they claim with interest of plaintiff and defendant, *in solido.* There was judgment against defendant in favor of the intervenors in the District Court; and as the correctness of the claim is admitted by defendant in this Court, there is no reason to disturb the judgment so far as he is concerned.

As regards the plaintiff, we remark that a large portion of the claim of intervenors is evidenced by a note, joint and several in its form, signed by plaintiff and defendant, in favor of intervenors, for the sum of six thousand dollars, dated February 18, 1851, and payable February 1st, 1852. This note is not binding on plaintiff, at least without evidence that its consideration enured to her separate benefit. C. C., Art. 2412; 10 Rob., 68; 5 An., 495, 586. And the account altogether is not in such a shape as enables us to act upon it, as far as the liability of plaintiff's paraphernal estate is concerned. The account current

is headed as follows: "General *C. H. Davis* and *wife*, general account, in acc. current with *Kelly, Conyngham & Co.*," The husband was owner of a cotton plantation at the time of the marriage, and the wife, as we have already seen, of a sugar plantation.

The affairs of the husband and wife are blended together, and the evidence, that of the book-keeper, offered in support of the claim, does not pretend to distinguish those items which relate to each. It may be that the defendant will become a creditor of the plaintiff by paying the intervenors, but that will have to be the subject of future enquiry and settlement. The intervenors have clearly no right to a personal judgment against plaintiff in this action.

It is therefore adjudged and decreed, that the judgment in the main action be affirmed so far as it grants the plaintiff the administration of her paraphernal estate, but that the judgment for separation of property be reversed; the costs of said main action to be paid by plaintiff, except those of the filing of the petition and of the order thereupon, which are to be paid by defendant. And it is further decreed that the judgments upon the intervention be affirmed, without prejudice of the rights of intervenors and defendant, if any they have, against plaintiff. The costs of the intervention to be paid, one-half by defendant and one-half by the intervenors.

Lastly, that the costs of appeal be borne by appellee.