HOLLEY<br>*v.*<br>BORLAND.

---

## MRS. M. E. BOISSAC *v.* R. C. DOWNS.

One who assumes to pay a mortgage debt by notarial act is not, properly speaking, a third possessor who can discharge himself by abandoning the property.

A tacit mortgage exists without any record in the office of the Register of Mortgages, and it binds the real property of the tutor in every parish in the State.

APPEAL from the District Court of the Parish of Iberville, *Avery*, J. *Edward Phillips*, for plaintiff. *A. T. Steele*, for defendant and appellant.

MERRICK, C. J. The present is an appeal from an order of seizure and sale.

On the 24th day of July, 1856, the plaintiff, *Mrs. M. E. Boissac* (now *Mrs. Kirke*) sold a tract of land in the Parish of Iberville to *Andrew J. Johns* for the sum of $12,000, with eight per cent. interest, payable in all the month of March, 1858, with this proviso : " which note is not to be paid at maturity unless the tacit mortgage mentioned in the act of sale and mortgage be canceled, and to be paid after maturity on the canceling of said mortgage." A mortgage was reserved in the act of sale in authentic form to secure the price.

On the 10th day of August, 1857, *Andrew J. Johns* sold by notarial act the

BOISSAC
*v.*
DOWNS.

same property to the defendant, *R. C. Downs*, and *E. W. Robertson*, and they assumed to pay in certain proportions the debt due by *Johns* to the plaintiff. On the 3d of December, 1859, *Robertson* also, by notarial act, sold to the defendant, *R. C. Downs*, his interest in the tract of land, and *Downs*, in the same act, assumed the payment of the residue of the debt to plaintiff.

The note given by *Johns* to the plaintiff, and thus assumed by defendant, was protested on the 3d of April, 1858.

A decree canceling the judicial mortgage was rendered on the 21st day of April, 1859, by the District Court in the Parish of Avoyelles, but it does not appear that the decree was produced to the Recorder of Mortgages in Iberville, and the formal entry made on the mortgage records of that Parish to that effect.

The documents produced before the District Judge who granted the order of seizure and sale, were the three notarial acts above referred to : the protest of the note ; the certified copy of petition for the cancellation of the tacit mortgage ; and the decree rendered by the Judge of the Thirteenth Judicial District; and also an act of sale by *Downs* to *Joseph D. Hamilton*, of a part of the tract of land. The order of seizure and sale issued for the portion of the property remaining in *Downs's* possession.

The appellant has made various assignments of error, but we shall notice only those on which he relies in argument and in his brief for a reversal of the decree in the lower Court.

He contends that this suit is against a third possessor, and therefore the thirty days' demand and the ten days' previous notice ought to have been given as required by the decision in the case of *Gentis* v. *Blasco*. 15 An. 104. This case differs from the case cited in this, that *Downs*, by notarial act promised to pay this very debt. It is therefore his debt, and he is not, properly speaking, a third possessor, who can discharge himself by abandoning the property. See *Duncan* v. *Elam*, 1 Rob. 135.

It is objected that the judicial mortgage has not been canceled ; that it has not been shown that the proper parties were before the Court when the decree was rendered, and there is no proof that any special mortgage was executed ; and it does not appear that the mortgage was actually canceled on the mortgage records.

To this it is a sufficient reply to state, that the plaintiff was only bound to produce before the District Court, in order to obtain the order of seizure and sale, evidence which made a *prima facie* case. The decree of the proper tribunal canceling the tacit mortgage, must be presumed to have been rendered upon the production of the proces-verbal of the family meeting and other proceedings therein recited, and that those proceedings were regular, and that the District Judge did his duty. If the fact were otherwise, the remedy of the appellant was by injunction.

A tacit mortgage exists without any record in the office of the Register of Mortgages ; and it binds the real property and slaves of the tutor, in every Parish in the State. It is therefore properly canceled, when the judge of the domicil has decreed its cancellation. As it does not appear upon the mortgage records, except where the tutor's bond is recorded, so also it requires no special entry on the records to evidence the fact that it is canceled.

The appellee has by answer prayed that damages be allowed the plaintiff as for a frivolous appeal. We do not think they should be allowed.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be affirmed, and that the defendant pay the costs of the appeal.