155 So. 249

FEDERAL LAND BANK OF NEW OR-
LEANS v. COOK et al. (RICHLAND
STATE BANK, Intervener).

No. 32701.

April 23, 1934.

Rehearing Denied May 21, 1934.

W. D. Cotton, of Rayville, for appellant Richland State Bank.

Tobin R. Hodge, of Rayville, and K. C. Barranger and W. W. Heard, both of New Orleans, for appellee Federal Land Bank of New Orleans.

ROGERS, Justice.

On October 4, 1922, Louis M. Cook executed a mortgage on 599½ acres of land which he owned in the parish of Richland. The mortgagee was the Federal Land Bank of New Orleans. Subsequently, Cook sold the mortgaged property to Mrs. Mary E. Graves. Mrs. Graves sold to Charles C. Norman. Norman sold to Theodore Coenen and Henry J. Coenen. The Coenens sold to L. H. Turner, and Turner sold to the Richland Planting Company, Inc. Each of the purchasers expressly assumed and agreed to pay the mortgage in favor of the Federal Land Bank. In 1929, while the ownership was in L. H. Turner, a residence was erected on the mortgaged property. In 1930, the Richland Planting Company, Inc., the vendee of Turner, granted a second mortgage on the property in favor of the Richland State Bank.

On November 9, 1932, the Federal Land Bank caused executory process to issue for the enforcement of its mortgage. This proceeding was directed against Louis M. Cook, the original mortgagor. On the date fixed for the sale of the mortgaged property, the Richland State Bank, holder of the second mortgage, filed an intervention and third opposi-

tion in the foreclosure proceeding, claiming the proceeds to be derived from the sale of the residence erected on the property in 1929, and obtained an ex parte order directing the sheriff to separately appraise and sell the residence. Thereupon, the Federal Land Bank instructed the sheriff to call off the sale and to return the writ without action. Later, plaintiff converted the proceeding via executiva into a proceeding via ordinaria and impleaded as defendants Cook and all the vendees who had assumed the payment of plaintiff's mortgage. Plaintiff also answered the petition of intervention and third opposition of the Richland State Bank. The heirs of Charles C. Norman, the two Coenens and the Richland Planting Company, Inc., appeared and denied liability.

The case was tried on the issues presented, and resulted in a judgment in favor of plaintiff and against all the defendants for the amount of its mortgage indebtedness, recognizing its mortgage and ordering the property sold in satisfaction thereof. The judgment also rejected the demands of the Richland State Bank, intervener and third opponent. From this judgment, the Richland State Bank and the Norman heirs have appealed.

 Article 464 of the Civil Code provides that: "Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature." See Lighting Fixtures Supply Co. v. Pacific Fire Ins. Co., 176 La. 499, 146 So. 35. And article 3310 of the Civil Code provides that: "The conventional mortgage, when once established on an immovable, includes all the improvements which it may afterwards receive." See Louisiana Land & Pecan Co. v. Gulf Lumber Co., 134 La. 784, 64 So. 713.

From which it follows that the residence erected by L. H. Turner while he owned the land is an immovable and is included in plaintiff's mortgage. However, the appellant bank is demanding the enforcement of its rights as a second mortgage creditor on the claim that through its mortgagor, the Richland Planting Company, Inc., the vendee of L. H. Turner, it has succeeded to the rights of Turner, who is a third possessor and, as such, is entitled to be reimbursed for the improvements which he placed on the mortgaged property. And appellant, in support of its claim, relies on the case of Bank v. Miller, 44 La. Ann. 199, 10 So. 779.

But in Bank v. Miller, the purchaser of the property did not assume nor agree to pay any mortgage indebtedness, and it was claiming strictly as a third possessor. In the case at bar, none of the vendees of Louis M. Cook, the original mortgagor, is, properly speaking, a third possessor. L. H. Turner, and Richland Planting Company, Inc., and the other vendees of Cook expressly assumed and agreed to pay plaintiff's mortgage debt, and being personally liable for the payment of the debt are not in position to assert any rights as third possessors.

A vendee who assumes and binds himself to pay mortgages or obligations placed on the property by his vendor thereby becomes a co-debtor with the original obligor. Civ. Code, arts. 2091, 2092; Cline v. R. R. Co., 41 La. Ann. 1031, 6 So. 851; Simon v. McMeel, 167 La. 243, 119 So. 35.

One who is personally liable for the mortgage debt cannot be considered as a third possessor in the strictest sense of the term. It is of the essence of third possession, that the possessor, not being liable for the debt, has the faculty of discharging himself by abandoning the mortgaged premises. Duncan v. Elam, 1 Rob. 135; Twichel v. Andry, 6 Rob. 407; Boissac v. Downes, 16 La. Ann. 187; Thompson v. Levy, 50 La. Ann. 751, 23 So. 913. But he must either give up the property or discharge the mortgage debt.

L. H. Turner, who erected the residence on the mortgaged property and his vendee, the Richland Planting Company, Inc., which granted the second mortgage in favor of the appellant Richland State Bank, specifically assumed and agreed to pay as part of the purchase price the first mortgage bearing upon the property. The stipulation was made for the benefit of plaintiff, a third person, which by the institution of this suit consents to avail itself of the advantage stipulated in its favor. Under the stipulation plaintiff has not only acquired the right of exercising its mortgage on the property subject thereto, but also on enforcing its claim personally against those who assumed and agreed to pay its debt. And a third possessor who is personally liable to pay the debt is not entitled to the exceptions which he might otherwise oppose against the creditor's hypothecary action, and cannot relinquish the mortgaged property. Twichel v. Andry, supra. The Richland State Bank as the holder of the junior mortgage cannot claim any greater rights than its mortgagor, the Richland Planting Company, Inc.

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.