On Rehearing.
 

 PONDER, Justice.
 

 Sam Howard, appellant, intervenor, and plaintiff in injunction, sought and obtained a rehearing in this case.
 

 In our original opinion, we recited in detail the pleadings and facts of this case. It is now only necessary to recite the pleadings and facts essential to a determination of the issues raised on the rehearing.
 

 Charles Fourroux leased, under a verbal lease, a parcel of land from A. J. Cristina. Fourroux, while in possession of the land under the verbal lease, moved a building thereon and granted a chattel mortgage on this building in favor of the plaintiff, Mrs. C. A. Buchler. Sometime thereafter, Four-roux bought the. land from Cristina and granted a mortgage on the land and building in favor of the intervenor, Sam Howard. Howard brought suit to. enforce the mortgage on the land and building and obtained a judgment, which was duly recorded. Mrs. Buchler brought foreclosure proceedings on the chattel mortgage against Fourroux. Howard intervened and filed injunction proceedings to enjoin the sale of the building. A preliminary injunction was issued. On trial, the injunction was set aside and the intervention dismissed. The intervenor appealed to this court. On the hearing of the appeal, the judgment of the lower court was affirmed. The intervenor moved for a rehearing. A number of attorneys were given permission to appear as amici curiae and were permitted to file briefs in support of the intervenor’s application for rehearing. The rehearing was granted. The rehearing is now submitted for our determination.
 

 Counsel for intervenor contends that the provision of Section 1 of Act No. 198 of 1918, making it lawful to place a chattel mortgage upon “buildings on leased ground,” is unconstitutional because this provision is broader than the title of the Act.
 

 The title of Act No. 198 of 1918 is “An Act To grant the right to mortgage movable property,”- etc.
 

 Section 1 of the Act provides that it shall be lawful to mortgage certain enumerated movables, including among them buildings on leased ground, and provides that all other movable property not specially named therein may be so mortgaged.
 

 In the case of Westwego Canal & Terminal Co. v. Pizanie, 174 La. 1068,
 
 *573
 
 1071, 142 So. 691, the doctrine laid down in 'the case of Vaughn v. Kemp, 4 La.App. 682, was cited- with approval; which is as follows:
 

 “ ‘Lands and buildings or other constructions, whether- they have their foundations in the soil or not, are immovable by their nature.’ * * *
 

 " “There is no qualification of this rule. The law makes no distinction between buildings erected by the owner and those erected by tenants or others. If they are erected on the land, they are immovable by their nature.
 

 “There are also things which are immovable by their destination, as:
 

 “ ‘Things which the owner of a tract of land has placed upon it for its service and improvement.’ Civil Code, art. 468..
 

 “Under this article things become immovable by destination only when placed thereon by the owner of the soil.
 

 “But the provisions of the Code, Article 464, with reference to things immovable by their nature, does not state that they shall be placed on the soil by the owner thereof.
 

 “It therefore follows that a building placed upon leased premises by the lessee is an immovable under Article 464 of the Code.”
 

 This doctrine was approved in the cases of Lighting Fixtures Supply Co. v. Pacific Fire Ins. Co. of New York, 176 La. 499, 146 So. 35; and Federal Land Bank of New Orleans v. Cook et al., 179 La. 857, 155 So. 249.
 

 Section 16, Article 3 of the Constitution for Louisiana of 1921 reads: “Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object.”
 

 Article 31 of the Constitution for Louisiana of 1913 reads: “Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.”
 

 The purpose of the Act, as stated in the title, is to grant the right to mortgage movable property. The title makes no reference to immovables, and there is no language therein to indicate that the Act applies to immovables. The body of thé Act, insofar as it grants the right to mortgage buildings on leased ground, is broader' than the title. Buildings on leased ground are immovables by nature, and the inclusion of such in the body of the Act is beyond the purpose stated in the title. The mere fact that in Section 1, where the various kinds of movable property that might be mortgaged is. listed, buildings on leased ground (immovables) are included by inadvertence or otherwise without any provision for the deimmobilization of the immovables could not have the effect of changing the status of the immovables to that of movables. Under the provisions of Article 464, R.C.C., buildings on leased ground are immovables. The Legislature has never changed or repealed this Article of the Civil Code. The mere inclusion of buildings on leased ground in the body of the Act could not have the effect of repealing Article 464, R.C.C., even by implication, because there is nothing to indicate therein
 
 *575
 
 that such was the intention of the Legislature.
 

 We find no provision in the body of the Act, or in its title, declaring buildings on leased ground to be deimmobilized. If it was the purpose of the Act to reclassify the immovable property, buildings on leased ground, the title should contain some provision to that effect. If it was the purpose of the Act to change the status of the immovable property, it would be necessary that there be some declaration in the Act to the effect that the immovable property is deimmobilized. If we were to view the Act in the light that it repealed Article 464 of the Civil Code and changed the status of the property, the Act would be unconstitutional because it would embrace more than one object. In addition to granting the right to mortgage movable property, the Act would change the status of immovable property, and in effect, repeal Article 464 of the Civil Code.
 

 The Act is unconstitutional insofar as it applies to buildings on leased ground because the title is not sufficiently broad to include the mortgaging of immovables. Moreover, the Act would be unconstitutional if it granted the right to mortgage movables, and at the same time provided for the change of the status of immovables by nature, because it would embrace more than one object. It appears that the words “buildings on leased ground” were included in Section 1 of this Act by inadvertence because there is no language in the Act expressing any intention to change the status of buildings on leased ground from immovables by nature to movables. Furthermore, the mere inclusion of such property without any expressed intention to change the status could not have the effect of repealing Article 464, R.C.C., and of reclassifying the property.
 

 The appellee cites Bank of White Castle v. Clark, 181 La. 303, 159 So. 409. An examination of that case shows that the property involved was immovables by destination.
 

 Article 464, R.C.C., reads: “Lands and buildings or other constructions, whether they have their foundations in the soil or not, are immovable by their nature.”
 

 In Bank of White Castle v. Clark, supra, wherein immovables by destination were involved, it is' stated to the effect that if the movables were mortgaged .before they were placed on the land, by the owner, they could never become deimmobilized so as to defeat the rights of the mortgagee, and if the movables had been immobilized by the owner of the land that he might subsequently deimmobilize them by granting a mortgage on them. Otherwise, the landowner desiring to mortgage his immobilized chattels, would be subject to the inconvenience and expense of temporarily removing from his land the chattels he desired to deimmobilize and mortgage. The court further stated, in effect, that the landowner by the mere changing of his mind could not alter the status of the movables which had become immobilized by destination, unless his change of mind be accompanied by a separation and de
 
 *577
 
 tachment of the movables from the land, and in view of the Chattel Mortgage Act, that the intention of the landowner to deimmobilize the movables could be manifested by the execution and recordation of a mortgage covering the movables. In effect, the court said that the execution and recordation of the chattel mortgage indicated the landowner’s intention and constituted his overt act, which were in themselves sufficient notice to a subsequent purchaser or mortgagee dealing with the mortgaged movables, or with the land on which they were located.
 

 It is thus to be seen that there is a vast distinction between immovables by destination and immovables by nature. The status of an immovable by destination can be changed by an act of the landowner, but there is no provision of law that we are aware of, and none has been cited to that effect, that the act of the landowner, or any other person, can change the status of an immovable by nature. It is to be borne in mind that an immovable by destination was originally a movable and that the movable becomes immovable by destination by the act of the owner in placing it on the land for service, etc.
 

 The status of an immovable by nature is never changed by any act of the owner, while the status of an immovable by destination changes according to its use by the owner. In the case of Bank of White Castle v. Clark, supra, it was merely held, in effect, that the execution and recordation of a chattel mortgage on immovables by destination indicated the landowner’s intention and constituted his overt act which would be sufficient to put a person on notice. In the instant case, the status of the property could not be changed by the intention or act of the landowner because its status is fixed by law and does not depend upon its use.
 

 Since we have arrived at the conclusion that the Act is unconstitutional insofar as it affects buildings on leased ground, it is unnecessary for us to recite or consider the other contentions advanced by the intervenor.
 

 For the reasons assigned, it is ordered, adjudged and decreed that our decree herein rendered on original hearing be, and the same is, hereby annulled and set aside.
 

 It is now ordered, adjudged and decreed that the judgment of the lower court be, and is hereby, reversed and set aside.
 

 It is further ordered, adjudged and decreed that there be judgment in favor of Sam Howard, intervenor, appellant, and against Mrs. Conrad A. Buchler, plaintiffappellee, decreeing the chattel mortgage granted by Charles Fourroux by act before Conrad A. Buchler, Notary Public, November 16, 1934, and recorded in the Chattel Mortgage Book 7, p. 178, entry 1074 of the Mortgage Office of the Parish of Jefferson, to be, and the same is, null, void, and of no effect.
 

 All costs are to be paid by the plaintiffappellee.
 

 Appellee’s right to apply for a rehearing is reserved.
 

 
 *579
 
 LAND, J., dissents and adheres to the original opinion.
 

 O’NIELL, C. J., concurs.
 

 On Rehearing.