(119 So. 35)

No. 29115.

## SIMON v. McMEEL.

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

M. D. Dimitry, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ROGERS, J. Plaintiff obtained judgment in the court below on the petition and answer. Defendant appealed.

Plaintiff, in her petition, alleges, substan-

tially, that the defendant is indebted to her for $3,000, interest and attorneys' fees, on the annexed promissory note for a like amount executed by Mrs. Annie M. Keeney on August 1, 1914, less a credit of $700 paid by one Paul Kelly on October 6, 1927; that the note in question was secured by mortgage on certain real estate, which mortgage was reinscribed on December 18, 1923; that by a notarial act executed on April 12, 1927, defendant acquired by purchase one of the pieces of real estate subject to the mortgage, and, in said act, as part of the purchase price, assumed and obligated herself to pay all mortgages and incumbrances bearing upon the property; that she reserved her right to proceed against the balance of the property as well as against Mrs. Keeney, the maker of the note and the original mortgagor. The prayer is for judgment against defendant for the balance due on the note, with interest and attorneys' fees, and for the recognition and enforcement of the mortgage by which it was secured.

The defendant, in her answer, admits the execution of the note and mortgage by Mrs. Annie M. Keeney; she also admits that she acquired the property as set forth in the notarial act of April 12, 1927, but avers that the stipulations thereof were made solely for the benefit of the parties thereto and not for the benefit of plaintiff, who is without any right under the law to avail herself of the stipulations. Defendant further avers that she acquired the property in question at the same time and place that one John Paul Kelly acquired from the same vendor certain other property subject to the same mortgage; that, if it be held that plaintiff is entitled to any recovery from her, the assumptions in the acquisitions, so far as the subject-matter of the suit is concerned, are identical and constitute a single transaction by which she and Kelly became obligated to plaintiff jointly and not solidarily. In the alternative, defendant pleads that plaintiff cannot avail herself of the stipulations in her favor, except to the extent that she has consented to do so, and she incorporates in her answer a letter written by plaintiff's attorneys as showing the extent of such consent by plaintiff. She avers that the letter was written in recognition of the established custom of handling the obligation, which was that upon demand for, and the payment of, the interest, the note would be automatically extended one year from its last maturity, as shown by the indorsements on the note itself; that subsequent to the writing of the letter $700 was paid on account of the note, as shown by the indorsement thereon, which more than paid all interest due, and the petition filed thereafter disclosed no cause or right of action. The prayer of defendant is that the plaintiff's demands be rejected.

From the foregoing summary of the pleadings, it is plain that the defendant admits, as she was bound to do, the execution of the note and mortgage and her assumption of these obligations. She seeks to escape liability, however, on the grounds: (1) That her assumption of the debt was solely in favor of her vendor; (2) that the obligation was joint, and not solidary, John Paul Kelly being bound to the extent of one-half thereof; and (3) that the suit was prematurely brought, since plaintiff, through her attorneys, had agreed to extend the note upon payment of the interest, and the credit of $700 appearing on the instrument was sufficient to discharge all interest due.

■ 1. A portion of the real estate belonging to Mrs. Annie M. Keeney passed from her to the defendant, burdened with the mortgage granted by the owner in favor of the holder of the mortgage note. In assuming and binding herself to pay these obligations the defendant became a codebtor thereon with the original obligor. People's Bank v. Shreveport Ice & Brewing Co., 142 La. 802, 77 So. 636.

■ 2. Conceding, arguendo, that the re-

spective acts of sale to the defendant and Kelly constitute a single transaction, and that the purchasers thereby assumed and bound themselves to pay the same debt, nevertheless, whatever may be their rights and obligations inter sese, quoad the whole of the mortgage note they are debtors in solido. Civ. Code, arts. 2091, 2092; Gay v. Blanchard, 32 La. Ann. 500; Cline v. R. R. Co., 41 La. Ann. 1031, 6 So. 851. Being bound in solido, either of the co-obligors is suable by plaintiff as she may elect.

■■ 3. The letter of plaintiff's attorneys merely informed the defendant and Kelly that plaintiff owned the note and did not wish to foreclose the mortgage, but insisted that the interest due on the obligation be paid without further delay. A notation on the note shows that on October 6, 1927, the $700 referred to in defendant's answer was paid by and credited to John Paul Kelly. Neither the letter nor the payment and credit thereof had the effect of renewing the obligation for one year. But, in any case, defendant's averment that plaintiff consented to extend the maturity of the note if the interest was paid is, in effect, a plea of prematurity, which should have been pleaded in limine litis. Code Prac. art. 333; Hart v. Insurance Co., 136 La. 114, 66 So. 558.

The defendant has filed in this court a plea of prescription of five years against the note sued on. She prays that the plea be maintained, and that the judgment appealed from be reversed. Plaintiff contends that on the face of the papers the note is prescribed, and that there is no allegation whatever showing the interruption or suspension of the prescription.

■ Plaintiff alleges that the note is annexed to and made part of her petition. Defendant, without praying for oyer of the instrument, admits its execution. She furthermore relies, according to the averments of her answer, on the indorsements appearing on the note to show the customary manner in which interest payments were made and the payment of $700 on account of the obligation. A supplemental transcript filed in this court contains a copy of the original note, which the clerk of the district court certifies was filed with the petition. The indorsements on the instrument show numerous payments of interest, the last one, dated September 2, 1926, evidencing the payment of interest to August 1, 1926. They show, also, that prescription on the note was seasonably waived. The last notation in that regard reads as follows, viz.:

"Prescription on within note hereby waived and promise to pay is hereby renewed. Shreveport, La., Sept. 24, 1925. Mrs. Andrew D. Keeney."

Moreover, the prescription of the note was interrupted or suspended quoad this defendant when she assumed its payment, as part of the purchase price, in the act of sale whereby on April 12, 1927, she purchased the property described in the petition.

Our conclusion is that the judgment appealed from is correct, and that the plea of prescription filed by defendant in this court is not well founded.

■ We do not consider that the case is one calling for the infliction of the penalty of damages for a frivolous appeal as prayed for by plaintiff in her answer thereto.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.