### SCHIRO v. FALLO

———

(March 24, 1930. Opinion and Decree.)
(April 21, 1930. Rehearing Refused.)
(June 2, 1930. Writ of Certiorari and Review Refused by Supreme Court.)

———

J. D. Dresner, of New Orleans, attorney for plaintiff, appellee.

H. L. Hammett, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. The plaintiff herein, Andrew E. Schiro, on June 7, 1927, purchased certain real estate from the Greater New Orleans Homestead Association by act before J. D. Dresner, notary public, and executed in favor of the homestead association a vendor's lien mortgage note for the sum of $6,700. On the same date, before the same notary public, he resold the property to Mrs. Fallo, defendant herein, who assumed "the vendor's lien mortgage in the sum of $6,700, granted by the petitioner to the Greater New Orleans Homestead Association, subject to all the terms and conditions contained in the petitioner's act of purchase." Mrs. Fallo failed to pay the homestead the monthly installments due on the property, and it was foreclosed. The expense of the foreclosure, sheriff's commission, interest, attorney's fees, taxes, etc., amounted to $1,647.64. Plaintiff brings this suit for that amount, alleging that he has incurred that expense. Defendant filed an exception of no cause of action, which was overruled, whereupon she defended upon the ground that she was induced to buy the property upon the faith of false representations amounting to fraud.

There was judgment below in favor of plaintiff as prayed for, and defendant has appealed.

We believe this judgment of our learned brother below to be erroneous.

The effect of Mrs. Fallo's assumption was to make her a co-debtor of the homestead association with Andrew Schiro, the plaintiff herein. Both Schiro and Mrs. Fallo are bound in solido to the homestead for the entire amount of the homestead loan, whatever may be their rights inter sese. Simon vs. McMeel, 167 La. 243, 119 So. 35.

There are no allegations in the petition, nor is there any proof in the record, that the plaintiff in this case has paid the homestead anything on account of the expense of foreclosure for which he is solidarily liable with the defendant. The homestead association is not a party to the suit, and has not intervened.

The creditor of a solidary obligation may sue any one of his debtors in solido, without the others having the right to plead the benefit of division. R. C. C. art. 2094.

The mere fact that Schiro has incurred the expense of foreclosure due to Mrs. Fallo's failure to pay the installments due the homestead does not give rise to a cause of action in his favor as against Mrs. Fallo, his co-debtor, whose obligation to the homestead would not be discharged by payment to Schiro. In Glauber Brass Manufacturing Co. vs. Ibos, 12 Orl. App. 316, it was held:

"The novation of the solidary debt of the former members of a dissolved partnership will not be presumed from the mere fact that the creditor, with knowledge of the partnership's dissolution, takes the individual note of one of the former partners for the amount of the debt."

It follows from what we have said that the exception of no cause of action should have been maintained and plaintiff's suit dismissed.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the exception of no cause of action be maintained and plaintiff's suit dismissed at his cost.