LAND, Justice.
 

 From a judgment granting a preliminary-injunction to Baptiste Caumont, third opponent, restraining plaintiffs from foreclosure, under executory process, of a mortgage held by them on certain property in the name of Francis D. Charbonnet, Jr., plaintiffs prosecute this appeal.
 

 During the pendency of the appeal in this court, Baptiste Caumont, third opponent, departed this life, and his surviving widow in community, and his daughter, sole and only legal heir, have been made parties herein, by the order of this court.
 

 As the basis for the injunction, third opponent alleges that the mortgaged property was adjudicated to him at public auction by the Civil Sheriff for the Parish of Orleans under date of January 10th, 1935, and that, in view of the fact, that the seizure has been effected on property not belonging to Francis D. Charbonnet, Jr., the mortgage debtor, but to third opponent herein, he is entitled, to have the order of seizure issued in these proceedings set aside.
 

 Appellants in their return to the rule nisi denied most of the. allegations of the petition and averred that the petition disclosed no cause or right of action.
 

 The third opponent contends that the adjudication to him of the property at public auction, made and recorded by the auctioneer in this case, is a complete title to the purchaser, and needs not be followed by an act passed before a notary. Revised Civil Code, Art. 2623.
 

 On the other hand, plaintiffs, appellants, contend that the alleged mortgage of third opponent, if any exists, is inferior in rank, and secondary to plaintiffs’ mortgage; that third opponent’s mortgage prescribed on September 28, 1924, which was ten years after its execution, and that the same was not reinscribed until August 16, 1933.
 

 That J. Sidney Charbonnet sold the property involved in this matter to Francis D. Charbonnet, Jr., and that part of the consideration of the sale was the assumption by Francis D. Charbonnet, Jr., of the mortgage granted by J. Sidney Charbonnet to third opponent in these proceedings; that this assumption was never recorded in the Mortgage Office for the Parish of Orleans, and that re-inscription of third opponent’s mortgage was made only against J. Sidney Charbonnet, who at the time, was not owner of the property; that neither the assumption nor re-inscription was ever recorded against Francis D. Charbonnet, Jr., who was the owner of the property involved at the time plaintiffs obtained their mortgage.
 

 (1) — The facts of the case are as follows :
 

 On September 28, 1914, J. Sidney Char-bonnet, owner, executed a mortgage to secure a note in the sum of $2,500. This mortgage was recorded-September 30, 1914, and is held by third opponent.
 

 On February 8, 1922, J. Sidney Charbonnet sold the property to Francis D. Char-bonnet, Jr., who assumed the mortgage
 
 *685
 
 granted by J. Sidney Charbonnet, as part of the consideration of the sale. This assumption was never recorded or reinscribed in the Mortgage Office for the Parish of Orleans, where the property is situated.
 

 On September 30, 1924, the mortgage for $2,500, of date September 28, 1914, and recorded September 30, 1914, and held by third opponent, perempted, and was not re-inscribed until
 
 August 16, 1933.
 

 On April 5, 1933, Francis D. Charbonnet, Jr., owner, granted a mortgage in favor of appellants, Mrs. John W. Hite and Miss Carolina Schnurr, to secure notes held by them amounting .to $7,000 on the same property. This mortgage contains the pact de non alienando, and was recorded on
 
 August 23, 1933,
 
 after the reinscription by third opponent on
 
 August 16, 1933.
 

 On January 10, 1935, the property was adjudicated to third opponent at public auction under a writ of fieri facias issued in execution of a judgment obtained via ordinaria against J. Sidney Charbonnet and Francis D. Charbonnet, Jr., in solido, and recognizing and enforcing the mortgage for $2,500, of date September 28, 1914, and recorded September 30, 1914.
 

 On May 31, 1935, foreclosure proceedings, via executiva, were brought by plaintiffs, appellants, against Francis D. Char-bonnet, Jr., owner, and original mortgagor, under the mortgage for $7,000, of date April 5, 1933, and recorded August 23, 1933.
 

 (2) — Under the facts of the case, it is clear that the mortgage for $2,500 held by third opponent, of date September 28, 1914, and recorded September 30, 1914, became perempted on September 30, 1924, as no re-inscription of this mortgage was made until August 16, 1933, or until 19 years after the original inscription in 1914.
 

 It is well settled in this state, that while reinscription of a mortgage within ten years from the date of its first inscription, is not necessary between the parties to the act of mortgage; yet such reinscription is necessary to affect third parties. The plaintiffs are third parties in this case, and the rights acquired by them under the mortgage for $7,000, held by them to secure the notes sued on, cannot be affected by the reinscription of the mortgage in this case, 19 years after the original inscription.
 

 It is true that the re-inscription by third opponent of his mortgage on August 16, 1933, was made previous to the recordation of plaintiff’s mortgage on August 23, 1933. But it must be remembered that third opponent’s mortgage had already perempted for want of reinscription on September 30, 1924, and no reinscription, almost nine years thereafter, could possibly affect the rights of plaintiffs, third parties, in this case.
 

 (3) — The contention of third opponent that the mere fact that the property mortgaged was adjudicated to him on January 10, 1935, deprived plaintiffs of their right to executory .process
 
 against their original mortgagor,
 
 Francis D. Charbonnet, Jr., against whom plaintiffs are proceeding via executiva in this case, is without merit.
 

 Plaintiffs hold a mortgage importing confession of judgment and containing the non-alienation pact, and cannot, by any sale, conventional
 
 or judicial,
 
 to which
 
 *687
 
 they were not parties, be deprived of their right to executory process, against the original mortgagor, in a proceeding via executiva against him.
 

 But if the mortgage creditor, with the pact de non alienando choose to sue subsequent vendees, instead of the original mortgagor, he must proceed, as against third possessors, by the hypothecary action proper, and not via executiva. Troendle v. De Bouchel, 33 La.Ann. 753, on rehearing, pages 759, 760.
 

 In our opinion plaintiffs have a legal and valid mortgage and were entitled to proceed against the original mortgagor in this case via executiva.
 

 For these reasons, the preliminary injunction in this case should not have been granted in the lower court against plaintiffs, appellants.
 

 It is therefore ordered that the judgment ordering a preliminary writ of injunction to issue, appealed from enjoining plaintiffs and the Civil Sheriff for the Parish of Orleans from proceeding any further under the writ of executory process issued herein, and from selling or attempting to sell the property claimed by third opponent, be and the same is hereby annulled and reversed.
 

 It is now ordered that the intervention and third opposition of Baptiste Caumont be dismissed at his costs.
 

 O’NIELL, C. J., takes no part.
 

 ROGERS, J., dissenting.