LOTTINGER, Judge.
This is a suit filed by petitioner, T. H. Martin, Sr. and against defendant, Richard T. Watson on four certain promissory notes executed by defendant in favor of petitioner. Judgment below was in favor of petitioner and against defendant in the sum of $14,000.00 with interest and attorney fees. The defendant has appealed.
The evidence reflects that petitioner was the holder of four certain promissory notes executed by defendant in favor of petitioner, each dated November 4, 1969, for the sum of $5,000.00 and payable one each, on or before April 1, 1970, on or before April 1, 1971, on or before April 1, 1972 and on or before April 1, 1973. The petitioner alleges that the defendant has failed to pay the note due on April 1, 1970 and April 1, 1971, thereby causing all the notes to become due and payable.
The suit was filed on November 6, 1971. Subsequent to the filing of the suit defendant made a $6,000.00 payment to petitioner, reducing the principal amount due to $14,000.00.
As defendant failed to appear or file answer to the petition, on May 5, 1972, judgment was rendered against defendant in the sum of $14,000.00 with interest at the rate of Six (6%) per cent from November 4, 1969, until paid plus attorney fees in the sum of fifteen (15%) per cent with both the principal and interest.
The defendant appealed, alleging that two of the notes had not matured at the time of the confirmation of default and that, therefore, the Lower Court erred in rendering judgment thereon. The notes in question which are filed in the record of this proceeding contain no acceleration clause, nor has any agreement between the parties been introduced to the effect that failure to pay any one of the notes when due would accelerate the maturity dates on the others.
Tn the case of Bank of Eudora v. Crowe, 2 La.App. 669, the Court said:
“We know of no statute in Louisiana making all notes of a series due on failure to pay any one of them, and the act in question contains no provision to that effect.”
There is no question in our mind that at the time of the filing of the suit two of the notes had not yet matured. However, we feel that the remedy of the defendant was by exception of prematurity rather than appeal on the merits.
*679 In Simon v. McMeel, 167 La. 243, 119 So. 35, the Court held that the defendant’s averment that the mortgagee consented to extend the maturity of the note if interest was paid is, in effect a plea of prematurity which should have been pleaded in limine litis.
In Williams v. Washington National Insurance Company, 180 La. 423, 156 So. 453, the petitioner filed suit for 104 weeks of insurance benefits under a health insurance policy. The insurer filed motion to reduce the demand of the insured to indemnity claimed to be due at the time suit was filed. The Court there held that the motion to reduce was, in substance. and effect, a plea of prematurity which was required to be filed before issue was joined.
Later, in Pringle Associated Mortgage Corporation v. Eanes, La.App., 211 So.2d 399, the Court was faced with a hypothe-cary action by petitioner to foreclose, by ordinary process, a mortgage on real property granted by defendant mortgagor. The defendant filed an exception of no right and cause of action contending that the obligation was not due when foreclosure proceedings were instituted, therefore the judgment of the Trial Court is null and void and its invalidity should be recognized and declared by the Court. In that case the Court said:
“Where the obligation presently exists but the right to enforcement has not accrued, either because the term for enforcement has not expired or because of the nonperformance or nonoccurrence of some act upon which enforcement is conditioned, the objection of prematurity falls within the classification of a dilatory exception which must be plead in lim-ine litis. * * *
“In view of the allegations of plaintiff’s petition and the terms and provisions of the annexed note, mortgage and construction agreement, it is clear beyond doubt that Eanes’ obligation to repay arose and came into existence immediately upon his receipt of advances from Pringle. Nothing in any of the documents even remotely suggest that the obligation intended to be assumed (repayment of the amounts loaned) would come into existence only upon the occurrence of some future event. Nor is there anything in the documents indicative of intent to suspend creation of the obligation pending the happening of any stated contingency. The agreements evince the immediate assumption of a stated obligation whose terms of enforcement are dependent upon stated eventualities. Assuming arguendo, no interest payments were due until June 1, 1966, as contended by appellant, it would avail appellant nothing. In such event plaintiff’s suit would have been vulnerable only to that plea of prematurity which retards or delays the action and therefore must be filed in limine litis. LSA-C.C.P. Articles 923, 926, 928; Halbert v. Klauer Mfg. Co., supra [La.App., 181 So. 75].”
We feel that the above jurisprudence controls the situation which is now before this Court and that, therefore, the remedy of the defendant should have been by the dilatory exception of prematurity which must be pleaded prior to answer or judgment by default, C.C.P. 928. The filing of this exception upon appeal comes too late.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Affirmed.