408 So.2d 37 (1981)
Harold L. WOOD, Plaintiff-Appellant,
v.
Perkins LaFLEUR et al., Defendants-Appellees.
No. 8569.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
*38 Francis E. Mire, Lake Charles, for plaintiff-appellant.
Bass & Bass, Edward Bass, Lake Charles, for defendant-appellee.
Before FORET, SWIFT and LABORDE, JJ.
SWIFT, Judge.
This is an action by the plaintiff, Harold Wood, against the defendants, the widow and heirs of Perkin[1] LaFleur and Shirley and Velma Bias, for the balance due on a promissory note and foreclosure of a mortgage securing same. From a judgment sustaining the Bias's peremptory exception of no cause of action, the plaintiff has appealed.[2]
Plaintiff originally proceeded by executory process and the mortgaged immovable was seized. Mr. and Mrs. Perkin LaFleur and Mr. and Mrs. Bias were named as original defendants. The petition and attached documents reflect that on September 17, 1970, the LaFleurs executed a promissory note payable to "Bearer" for $3200.00 and gave plaintiff, to whom the note was delivered, a second mortgage to secure the payment thereof. The note provides for payment in monthly installments of $60.00 each beginning October 25, 1983, and it also contains the following clause:
"If the maker conveys or disposes of the property secured by the mortgage for payment of this promissory note without written permission of the mortgagees or holder of said note, then said mortgages or holder is granted the option to declare the entire unpaid balance of this promissory note due and exigible."
This provision does not appear in the second mortgage, nor is it referred to therein. The mortgage simply describes the note, mentions that it is payable in monthly installments beginning October 25, 1983, and says it has been paraphed "Ne Varietur" for identification.
On June 4, 1971, the LaFleurs conveyed the property to Shirley and Velma Bias. The consideration for the sale was the vendees' "assumption and agreement to pay the balance owed" on a first and this second mortgage. The vendees also expressly agreed to pay the installments due on the notes on and after May 20, 1971.
The plaintiff did not give permission for this sale of the property and he has exercised the option to accelerate the note secured by the second mortgage.
Because of the variance between the note and the mortgage, the trial court enjoined the sale by executory process. Subsequently, plaintiff converted this suit to an ordinary proceeding through an amended petition. He has named the widow and heirs of Perkin LaFleur as well as Mr. and Mrs. Bias as defendants and prayed for judgment against the defendants in solido for $3200.00, with interest and an attorney's fee.
The Bias defendants have filed an exception of no cause of action, alleging the *39 mortgage and mortgage note are not enforceable against them except in accordance with the terms of the recorded mortgage.
The issues presented by this appeal are: 1) whether by assuming the second mortgage the Bias are charged with notice of all provisions of the unrecorded promissory note to which the recorded mortgage refers; and 2) whether the plaintiff states a cause of action against the Bias in his petition and attached documents.
In sustaining their exception of no cause of action the trial judge concluded Mr. and Mrs. Bias are not bound by the acceleration clause in the note, because it was not included in the recorded mortgage which they assumed. He said that their obligations are limited to those disclosed by the public records. Although they are obliged to pay the note when it becomes due, so far as they are concerned it is not yet due. We cannot agree.
Under Louisiana law a vendee who assumes and binds himself to pay a mortgage and obligation placed upon property becomes a codebtor with the original obligor. Simon v. McMeel, 167 La. 243, 119 So. 35 (La.1928); Federal Land Bank v. Cook, 179 La. 857, 155 So. 249 (La.1934). The vendee assuming a mortgage also becomes personally bound for the debt, the same as the original mortgagor, and is a party to the mortgage. Neither the inscription nor reinscription of the mortgage are necessary for him to be bound thereby. Hite v. Charbonnet, 193 La. 581, 192 So. 64 (La.1939).
Our jurisprudence is silent, however, as to whether a vendee assuming an existing mortgage is charged with the notice of terms of the promissory note secured thereby which are not set forth in the mortgage. In 59 C.J.S. § 413, pp. 590-591, that publication states:
"A person who assumes payment of a mortgage is chargeable with notice of all its terms and provisions and is bound thereby; and he takes the encumbrance as it stands and subject to all its conditions and limitations excepting such as are inconsistent with the terms of the deed to the grantee. The purchaser is also charged with notice of the terms of the note to which the mortgage refers. If the grantee assumes the mortgage as distinguished from the note which it secures, he is not bound by conditions expressed in the note which do not appear in the mortgage unless the reference in the mortgage to the note is in such terms as to make it a part of the obligation assumed. [Emphasis added.]
In Williams v. Moody, 22 S.E. 30 (Ga. 1894), the court was confronted with a somewhat similar factual situation. In that case the purchaser, Williams, assumed the mortgage and interest as part of his purchase price. The note referred to in the mortgage contained an acceleration provision which did not appear in the mortgage. When the mortgagee exercised his option to accelerate the balance, the original mortgagor paid the balance and then filed suit against Williams. Considering these facts, the court stated that by assuming payment of the mortgage as part of the purchase price, Williams became "personally bound for the payment of the mortgage debt," and also that he was chargeable not only "with notice of terms of the debt as disclosed by the mortgage itself, but by any other papers connected therewith, the existence of which was indicated by the mortgage."
In the instant case, Mr. and Mrs. Bias assumed and agreed "to pay the balance owed" on the mortgage given by the LaFleurs to the plaintiff. Unquestionably, the balance owed on the mortgage was that provided in the promissory note referred to therein. Thus, by this agreement the Bias agreed unconditionally to become personally bound for the payment of the balance of the promissory note according to its terms the same as the original mortgagors. Having become parties to the mortgage by their assumption, the Biases cannot be considered as third parties entitled to protection under the public records doctrine. LSA-R.S. 9:2721 et seq. and La.C.C. Article 2266.
Since the factual allegations of the petition reflect that the acceleration clause in *40 the mortgage note has become effective and we have determined the Bias defendants are bound thereby, the peremptory exception of no cause of action should have been overruled.
For the foregoing reasons the judgment of the district court sustaining the peremptory exception of no cause of action of defendants, Shirley and Velma Bias, is reversed and the case is hereby remanded for further proceedings according to law and consistent with this decision. The costs of this appeal are hereby assessed to the defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] Incorrectly spelled "Perkins" in the pleadings.
[2] The judgment also sustained the LaFleurs' exception of improper venue and dismissed the suit as to these parties. Plaintiff-appellant has not mentioned this issue orally or in brief. We therefore assume he has no objection to that part of the judgment and it is not before this court.