490 So.2d 1104 (1986)
SOUTHERN SAVINGS ASSOCIATION
v.
LORAC, INC. et al.
No. CA-4560.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
Rehearing Denied July 16, 1986.
Gary A. Cotogno, Kehl, Cotogno, Delsa & Dunn, New Orleans, for defendants/appellees.
Robert J. Oster, Stephen F. Babin, Oster and Wegener, New Orleans, for plaintiff/appellant.
Before GULOTTA, WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
Southern Savings Association brought this suit seeking a deficiency judgment against several parties on a promissory note: Lorac, Inc., the maker of the note, and Charles J. Cucchiara and Carol Natal Cucchiara, endorsers of the note. The deficiency sought is the balance due on the note after Southern Savings foreclosed by executory process, preceded by an appraisal, judicial sale and application of the proceeds to the note. The trial court rendered summary judgment in favor of defendants dismissing Southern Savings's claim for the deficiency holding that it was necessary for Southern Savings to give notice of seizure in the executory process suit to Denis L. Holtzhauser and Paula Ross Holtzhauser, who had purchased the property from Lorac, Inc. and assumed the mortgage on the property in the sale, and became solidarily bound with Lorac, Inc. because of the assumption, before they could proceed with the deficiency judgment. The court reasoned that the failure to give notice acted as a release of the Holtzhausers and under the rules of solidarity that existed at the time of the suit dealing with remission, the release of the Holtzhausers acted as a release of Lorac, Inc. as a solidary obligor on the note, and the Cucchiaras as sureties.
We reverse and hold that Southern Savings can proceed with its deficiency judgment against Lorac, Inc., the maker of the note and original mortgagor, and the Cucchiaras, as sureties, notwithstanding Southern Saving's failure to serve the Holtzhausers with the notice of seizure in the executory proceeding, since due to the solidary relationship between Lorac, Inc. and the Holtzhausers, either could be sued by Southern Savings for the entirety of the debt without the necessity of joining both obligors, and as a consequence, the Holtzhausers *1105 were not released because of the lack of notice.
On December 19, 1978, Lorac, Inc. executed a promissory note for $100,000.00 payable to Southern Savings, secured by a first mortgage on immovable property. The note was personally endorsed by Carol Natal Cucchiara, the sole stockholder of Lorac, Inc. and her husband, Charles J. Cucchiara.
The property was later sold to the Holtzhauzers, and by an Act of Assumption Sale, the Holtzhausers assumed and obligated themselves to pay all mortgages and encumbrances bearing upon the property. Payments on the note became delinquent and eventually, Southern Savings filed for foreclosure by executory process. Written notice of the seizure of the property was served on Lorac, Inc. and each Cucchiara, but notice of the seizure was not served on the Holtzhausers who were the owners and in possession of the property at the time of seizure. The mortgaged property was offered for public sale, and after advertisement and appraisal, it was sold for a sum of $110,000.00. After the sales proceeds were applied to the balance owing on the note, a deficiency of $24,300.03 remained.
Southern Savings filed a motion for summary judgment on its deficiency claim. In opposition to the motion, Lorac, Inc. and Carol Natal Cucchiara filed a memorandum and affidavit which, among other things, alleged that there was a lack of authentic evidence in the executory proceeding filed by Southern Savings because the two subscribing witnesses were not present when the act of mortgage was executed. Charles Cucchiara likewise opposed the motion on similar grounds, but the trial court determined that his opposition, filed at the commencement of the hearing, was untimely, and refused to consider his defense. The trial court held that Lorac, Inc. and Carol Natal Cucchiara presented a valid legal basis to oppose the petition for deficiency judgment based on the lack of authentic evidence, and rendered judgment in their favor dismissing Southern Saving's petition. As to Charles Cucchiara, the trial court rendered judgment against him for one-half the deficiency.
Southern Savings and Charles Cucchiara filed a motion for a new trial on the judgment rendered by the trial court. The trial court determined that the affidavit submitted by Lorac, Inc. and Carol Natal Cucchiara, which alleged that the two subscribing witnesses were not present when the act of mortgage was executed, was not attached to the motion for summary judgment and served to the opposing party as required under La.C.C.P. art. 967. On this basis, the trial court granted Southern Saving's motion for a new trial setting aside the judgment in favor of Lorac, Inc. and Carol Natal Cucchiara. Without written reasons, the trial judge also dismissed, without prejudice, the judgment against Charles Cucchiara, reserving Southern Saving's right to file a new motion for summary judgment.
Subsequently, Lorac, Inc. and Carol Natal Cucchiara filed a new motion for summary judgment. The trial court rendered judgment in their favor against Southern Savings on the grounds that the failure of Southern Savings to give notice of the seizure to the Holtzhausers acted as a remission of the debt to them and under the rules of solidary obligations, this also acted as a release of the other solidary obligor, Lorac, Inc., and the Cucchiaras as sureties.
The defendants have apparently abandoned the defense raised in the previous motion for summary judgment that the executory process was not supported by authentic evidence because the two subscribing witnesses were not present when the act of mortgage was executed. This issue was not addressed by the trial court in its reasons for judgment nor have Lorac, Inc. and Carol Natal Cucchiara raised this issue on appeal. Charles Cucchiara did not answer this appeal.
Defendants do not question Southern Saving's right to foreclose by executory process against the property without notice of seizure to the Holtzhausers who were the owners and in possession of the property. La.C.C.P. art. 2701 provides that:

*1106 A mortgage or privilege evidenced by authentic act importing a confession of judgment, affecting property sold by the original debtor or his legal successor to a third person, may be enforced against the property without reference to any sale or alienation to the third person. The executory proceeding may be brought against the original debtor, his surviving spouse in community, heirs, legatees, or legal representative, as the case may be. The third person who then owns and is in possession of the property need not be made a party to the proceeding. (Emphasis added.)
Further, neither party disputes that the Holtzhausers, by assuming the mortgage, became primarily responsible and bound in solido with Lorac, Inc., the maker of the note for the entirety of the debt secured by the mortgage. La.C.C. art. 1794; Federal Land Bank of New Orleans v. Cook, 179 La. 857, 155 So. 249 (1934); Simon v. McMeel, 167 La. 243, 119 So. 35 (1928); Maxwell v. Deano, 141 So. 420 (La.App., Orleans 1932); Kaplan v. University Lake Corp., 369 So.2d 1107 (La.App. 1st 1979); Mills' Succession v. Mannasseh, 147 So. 77 (La.App. 2nd Cir.1933).
The trial court recognized Southern Saving's right to proceed with executory process against Lorac, Inc. without reference to the Holtzhausers as provided in article 2701, but found that in order to proceed with a deficiency, notice to all obligors in accordance with the notice provision in La. C.C.P. art. 2721 was necessary. In reaching its result, the trial court relied upon the decision in Neff v. Ford Motor Credit Co., 347 So.2d 1228 (La.App. 1st Cir.1977), which held that the creditor was not entitled to a deficiency judgment when it failed to follow the formalities of notice of seizure on the debtor as required by the provisions on executory proceedings. The trial court's reliance upon the reasoning in the Neff case is misplaced because the requirements with respect to notice were met due to proper service to Lorac, Inc.
La.C.C.P. articles 2701 and 2721 are coextensive and do not impose separate and distinct notice requirements necessary for the creditor to proceed with a deficiency judgment. La.C.C.P. art. 2721, Comment (b). Article 2721 defines, in a superficial way, the requirements with respect to notice necessary for a creditor to enforce its mortgage in a valid seizure and sale of the property, providing that "[t]he Sheriff shall serve upon the defendant written notice of the seizure of the property." Article 2701, in greater specificity, recognizes the solidary relationship that exists between the original mortgagor and the assumer of the mortgage by granting the creditor the right to proceed against the property without reference to third persons who have assumed the indebtedness secured by the mortgage. Moreover, as it pertains to the fundamental requirements of notice, article 2701 is a veritable incorporation of the underlying rationale pertaining to solidary obligors under the Code of Civil Procedure which grants the creditor the right to enforce a solidary obligation against any solidary obligor, without the necessity of joining all other obligors to the proceeding. La.C.C.P. art. 644; Simon v. McMeel, supra. The "defendant" for the purposes of notice under article 2721 does not require notice to every solidary obligor. Article 2701 simply clarifies the notice requirements generally set forth in article 2721. Any other interpretation would render the notice provision in article 2701 superfluous and would abrogate the fundamentals of notice with respect to solidary obligors.
Notice to Lorac, Inc. alone was sufficient to meet the requirements with respect to notice to the defendant under article 2721 because both Lorac, Inc. and the Holtzhausers were liable in solido for the entirety of the debt secured by the mortgage. Being bound in solido, Lorac, Inc. could be sued by Southern Savings for the deficiency to enforce the solidary obligation, without the necessity of joining the Holtzhausers in the executory proceeding or the present proceeding. Therefore, we hold that the creditor's right to a deficiency judgment against the original mortgagor, when there has been a judicial sale with appraisement, is not lost, and the debtor who has assumed *1107 the mortgage is not released, by the creditor's failure to serve notice in the executory proceeding on the third person who assumed the mortgage.
Accordingly, the judgment of the trial court is reversed granting summary judgment in favor of Lorac, Inc., as maker of the note and original mortgagor, and the Cucchiaras, as sureties. The case is remanded so that Southern Savings may proceed with its petition for deficiency judgment. Cost of this appeal shall be assessed pending final disposition of the case.
REVERSED AND REMANDED.