GULOTTA, Chief Judge.
In this action by the holder of a promissory note secured by a second mortgage on *131 real property, the defendant purchasers of the property, who assumed the mortgage, appeal from a summary judgment casting them for the balance due on the note.[1] Defendants contend that summary judgment was erroneous because they did not sign the note and because there are unresolved issues of material fact concerning an unfulfilled suspensive condition to the act of sale and assumption. We affirm.
Francis B. Barnett is the holder in due course of a promissory note secured by a mortgage on 7770 North Coronet Court in New Orleans. The note, dated February 28, 1980, had been issued by Avnash and Manmohen Sethi in connection with their purchase of the property from L. Tom Bu-senlener and his wife. The note was made payable to the order of Busenlener in 60 monthly installments, with a final balloon payment due on March 1, 1985. On April 20, 1982, Busenlener sold the note to Barnett by an authentic act that was recorded in the mortgage office in Orleans Parish.
On August 29, 1984, Mr. and Mrs. Sethi sold the mortgaged property to the defendant-appellants in the instant suit. In the “Act of Sale and Assumption”, the defendants assumed, bound, and obligated themselves to pay two mortgage notes: a first mortgage in favor of Standard Mortgage Company, and the second mortgage held by Barnett.[2] The act of sale described the notes and balances due in detail, and specifically mentioned Busenlener’s transfer of the note to Barnett. The defendant-purchasers bound themselves individually and in solido with the makers of the mortgage notes, "... to the full and final payment and discharge of said notes and of all the liabilities and obligations expressed in said acts of mortgage” to which the notes had been paraphed “Ne Varietur”. The act further recognized the two mortgages as recorded encumbrances, “payment of which is assumed by purchasers herein.”
On October 14, 1985, Barnett filed the instant suit against defendants for a $37,-108.21 balance due on the note plus interest, attorney’s fees, and costs. Although admitting that they had purchased the property, defendants denied liability. They further stated in their answer, however, that they “stand ready to pay the mortgage but only for the amount actually due and not for the amounts claimed by the plaintiff.” Defendants prayed that after due proceedings “... the amount due be determined and plaintiffs claims for more be rejected at plaintiffs cost.”
Barnett subsequently filed motions for summary judgment supported by the note, copies of the pertinent authentic acts, and an affidavit of the certified public accountant who had prepared the original computations and amortizations for the note. Based on his computations, the accountant stated that $37,108.21 was still due on the note, with interest accruing at the rate of 12% per annum until paid.
After a hearing, the trial judge granted summary judgment in favor of Barnett, casting defendants in solido for the outstanding balance due on the note, plus interest at the rate of 12% per annum from February 1, 1985 until paid, together with 20% attorney’s fees and costs. The judgment further recognized plaintiff’s mortgage on the property.
Appealing, defendants contend that because they did not sign the note they cannot be held liable. Alternatively, they argue that factual issues remain unresolved. In this regard, they argue that the mortgages against the property were “nonas-sumable”, and that the first mortgagee’s approval was a suspensive condition to their purchase of the property from the *132 Sethis. According to defendants, until a showing is made that this condition has been fulfilled, Barnett cannot recover the balance due on the note. We disagree.
LSA-R.S. 10:3-401(1), relied on by defendants, states: “No person is liable on an instrument unless his signature appears thereon.” This statutory provision does not apply, however, to parties who directly assume an obligation to pay a note through a separate writing. Indeed, the Uniform Commercial Code Comment to LSA-R.S. 10:3-401 states:
“Nothing in the section is intended to prevent any liability arising apart from the instrument itself. The party who does not sign ... may of course be liable under any separate writing.”
Louisiana law is clear that a party who assumes a mortgage becomes personally liable to pay the underlying obligation and becomes a co-debtor with the original obligor. Simon v. McMeel, 167 La. 243, 119 So. 35 (1928); Federal Land Bank v. Cook, 179 La. 857, 155 So. 249 (1934); Southern Sav. Ass’n v. Lorac, Inc., 490 So.2d 1104 (La.App. 4th Cir.1986), writ denied 496 So. 2d 326 (La.1986). Wood v. LaFleur, 408 So.2d 37 (La.App. 3rd Cir.1981); First State Bank and Trust Co. v. Seven Gables, 501 So.2d 280 (La.App. 1st Cir.1986), writ denied 502 So.2d 103 (La.1987).
In the instant case, in the “Act of Sale and Assumption”, the defendants obligated themselves to pay the note held by Barnett. Thus, by signing this separate writing referring to the outstanding note and mortgage, defendants became liable to pay the note even though they did not sign the negotiable instrument itself. To hold otherwise would render defendants’ agreement to assume the mortgage and pay the note meaningless.
We likewise reject defendants’ argument that genuine issues of material fact remain unresolved in the case. According to defendants, Barnett failed to introduce a separate “purchase and sale agreement” between Mr. and Mrs. Sethi and defendants that purportedly contains a still unsatisfied suspensive condition, i.e., that the holder of the first mortgage against the property, Standard Mortgage Corporation, must consent to the act of sale and assumption.
The petition and supporting exhibits establish that Barnett is a holder in due course of a promissory note secured by a mortgage on the property. See LSA-R.S. 10:3-302. As a holder in due course, he takes the instrument free from defenses such as want or failure of consideration or nonperformance of any condition precedent. See LSA-R.S. 10:3-305 and 10:3-306. Moreover, by the sale and assumption, the Sethis and the defendants effectively waived any suspensive conditions in their agreement to purchase and sell. Furthermore, defendant-purchasers have no right to assert failure of fulfillment of the condition i.e, the mortgagee’s lack of consent to the assumption. This right belongs to the mortgagee.
Based on the documents relating to the motion for summary judgment, we conclude that Barnett is entitled to recovery. Accordingly, the judgment is affirmed.
AFFIRMED.

. The defendant-appellants who assumed the mortgage are: Sandra Lawson, wife of/and Dr. Carl D. Robinson; Bennie L. Jefferson; Ernestine Steward, wife of/and James A. Gray; Andrea Green, wife of/and William J. Jefferson; and Violet Harrington, wife of/and Trevor G. Bryan.
Two other defendants, Avnash and Manmohan Sethi, the mortgagors who sold the property to the above named defendants, were never served in the trial court and are not parties to this appeal.

. The first mortgage outstanding on the property in favor of Standard Mortgage Corporation had been executed by Mr. and Mrs. Busenlener, and had been assumed by the Sethis when they purchased the property.