527 So.2d 520 (1988)
LEISURE VILLA INVESTORS, Plaintiff-Appellant,
v.
LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE, et al., Defendants-Appellees.
No. 87-504.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*521 Gist, Methvin, Hughes & Munsterman (John Munsterman), Alexandria, for plaintiff-appellant.
Provosty, Sadler & deLaunay (Ricy Sooter), Alexandria, for defendants-appellees.
Before GUIDRY, FORET and LABORDE, JJ.
LABORDE, Judge.
Plaintiff-appellant, Leisure Villa Investors, filed suit to recover the prepayment premium of $42,752.20 paid to defendants, Life & Casualty Insurance Company of Tennessee (Life & Casualty) and Lawrence Eustis Mortgage Corporation (Lawrence Eustis). This appeal arises from the trial court's judgment granting defendants' motion for summary judgment. The issue presented is whether as a matter of law Leisure Villa Investors, by assuming a mortgage, is charged with notice of the provisions of an unrecorded promissory note to which the recorded mortgage refers.
The pertinent facts are not in dispute. On November 1, 1974, Alexandria Apartments, Inc. borrowed the sum of $1,200,000.00 from Life and Casualty. As evidence of this obligation, Alexandria Apartments, Inc. executed a promissory note in that amount dated November 1, 1974, payable in 240 monthly installments of $10,284.00 each.
As security for this loan, Alexandria Apartments, Inc. executed in favor of Life and Casualty a conventional mortgage encumbering an apartment complex in Alexandria, Louisiana. The note was paraphed "Ne Varietur" to identify it with the mortgage. The note contained the following provision for payment of a premium in the event of prepayment:
"There shall be no prepayment privilege during the first ten (10) years from the date amortization begins. At the end of the 10th year the undersigned shall have the right to prepay the loan in full or in part, provided sixty (60) days' notice is given, by the payment of a premium on the amount so prepaid as follows:
Five percent (5%) during the eleventh (11th) year and reducing one/half (½) of one percent (1%) each year thereafter. Any and all prepayment shall be made on a regular monthly installment paying date and shall be in an amount equal to one (1) or more monthly installments that are next due on principal. Until the entire indebtedness is discharged, no prepayment shall affect the maker's obligation to pay the regular monthly installments of principal and interest as hereinabove provided."
The November 1, 1974 mortgage specifically refers to the note and states that the note is paraphed "Ne Varietur" to identify it with the mortgage. However, the mortgage does not recite the prepayment premium provision provided in the note.
On September 28, 1978, Alexandria Apartments, by way of a "Sale with Assumption of Mortgage," conveyed the property to seven individuals. In this conveyance, the buyers agreed to fulfill all of the obligations of the said note and mortgage by assuming the November 1, 1974 mortgage and the paraphed note. On October 15, 1981, Leisure Villa Investors, by way of a "Credit Sale with Retention of Vendors Lien," acquired the property from the seven individuals. In this act, the plaintiff assumed the November 1, 1974 mortgage. This sale did not recite the prepayment provision of the November 1, 1974 promissory note.
In May of 1986, Leisure Villa Investors prepaid the loan in the sum of $1,001,344.84. This sum included a prepayment premium in the sum of $42,752.20. On July 23, 1986, Leisure Villa Investors filed suit to recover the prepayment premium. On September 11, 1986, the defendants filed their motion for summary judgment. On December 9, 1986, the trial court, relying on Wood v. LaFleur, 408 So.2d 37 *522 (La.App.3d Cir.1981), granted defendants' motion. The trial court found that plaintiff was bound by the terms of the paraphed mortgage note including the prepayment provision. Thereafter, plaintiff's suit was dismissed. Plaintiff appeals arguing that the trial court's failure to apply the public records doctrine to the facts of this case was erroneous.
Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits and other exhibits on file, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
In Wood, 408 So.2d at 39, this Court was confronted with a similar factual situation. The plaintiff, Harold Wood, filed an action against the defendants, the widow and heirs of Perkin LaFleur and Shirley and Velma Bias, for the balance due on a mortgage. The LaFleurs executed a promissory note payable to "Bearer" for $3,200.00 and gave plaintiff, to whom the note was delivered, a second mortgage to secure the payment thereof. The note provided for monthly installments and also contained an acceleration clause in the event the maker of the note conveyed the property secured by the mortgage without written permission of the mortgagees or holder of the note. This acceleration provision did not appear in the second mortgage. The mortgage simply described the note, mentioning the monthly installments and stated that it had been paraphed "Ne Varietur" for identification with the mortgage. The LaFleurs ultimately conveyed the property to Shirley and Velma Bias. The consideration for the sale was the vendees' "assumption and agreement to pay the balance owed" on the mortgages. They also agreed to pay the monthly installments. Because the plaintiff did not give his permission for the sale, Mr. Wood exercised his option to accelerate the note secured by the mortgage by filing suit for the balance of the note. The Biases filed an exception of no cause of action, alleging that the acceleration clause in the mortgage note was not enforceable against them because it was not mentioned in the recorded mortgage. The trial court agreed and sustained their exception of no cause of action finding their obligations were limited to those disclosed by the public records.
In reversing the trial court, we stated:
"Under Louisiana law a vendee who assumes and binds himself to pay a mortgage and obligation placed upon property becomes a codebtor with the original obligor. Simon v. McMeel, 167 La. 243, 119 So. 35 (La.1928); Federal Land Bank v. Cook, 179 La. 857, 155 So. 249 (La.1934). The vendee assuming a mortgage also becomes personally bound for the debt, the same as the original mortgagor, and is a party to the mortgage. Neither the inscription nor reinscription of the mortgage are necessary for him to be bound thereby. Hite v. Charbonnet, 193 La. 581, 192 So. 64 (La.1939).
Our jurisprudence is silent, however, as to whether a vendee assuming an existing mortgage is charged with the notice of terms of the promissory note secured thereby which are not set forth in the mortgage. In 59 C.J.S. § 413, pp. 590-591, that publication states:
`A person who assumes payment of a mortgage is chargeable with notice of all its terms and provisions and is bound thereby; and he takes the encumbrance as it stands and subject to all its conditions and limitations excepting such as are inconsistent with the terms of the deed to the grantee. The purchaser is also charged with notice of the terms of the note to which the mortgage refers. If the grantee assumes the mortgage as distinguished from the note which it secures, he is not bound by conditions expressed in the note which do not appear in the mortgage unless the reference in the mortgage to the note is in such terms as to make it a part of the obligation assumed.' [Emphasis added.]

* * * * * *
In the instant case, Mr. and Mrs. Bias assumed and agreed `to pay the balance owed' on the mortgage given by the LaFleurs *523 to the plaintiff. Unquestionably, the balance owed on the mortgage was that provided in the promissory note referred to therein. Thus, by this agreement the Bias [sic] agreed unconditionally to become personally bound for the payment of the balance of the promissory note according to its terms the same as the original mortgagors. Having become parties to the mortgage by their assumption, the Biases cannot be considered as third parties entitled to protection under the public records doctrine. LSA-R.S. 9:2721 et seq. and La.C.C. Article 2266.
Since the factual allegations of the petition reflect that the acceleration clause in the mortgage note has become effective and we have determined the Bias defendants are bound thereby, the peremptory exception of no cause of action should have been overruled."

Wood, 408 So.2d at 39, 40.
It is well-settled in Louisiana, as in other jurisdictions, that a person who assumes a mortgage becomes personally obligated and a co-debtor on the obligation secured by the mortgage. See Federal Land Bank of New Orleans v. Cook, 179 La. 857, 155 So. 249, 250 (1934); Simon v. McMeel, 167 La. 243, 119 So. 35, 37 (1928); Southern Sav. Ass'n v. Lorac, Inc., 490 So.2d 1104, 1106 (La.App. 4th Cir.1986); 59 C.J.S. Mortgages § 418 at p. 615 (1949). But, one who purchases property subject to a mortgage incurs no personal liability. See Balfour v. Chew, 4 Mart. (n.s.) 154, 165 (1826); HEP Dev. Corp. v. Mouton, 256 So.2d 744, 745 (La.App. 1st Cir.), writ refused, 260 La. 1126, 258 So.2d 377 (1972).
In the present case, there is no genuine issue of material fact. Leisure Villa Investors assumed and obligated "itself to pay the present first mortgage covering the property." In this agreement Leisure Villa Investors also specifically assumed the mortgage and agreed to pay all installments, payments of money and other obligations and conditions required by the mortgage agreement. The mortgage assumed by plaintiff described the note by mentioning the amount of the note, the amount of the monthly installments, and the percentage of interest. Further, the mortgage states that the note has been paraphed "Ne Varietur" for identification.
In the "Act of Credit Sale with Retention of Vendor's Lien," Leisure Villa Investors unconditionally agreed to become personally bound for the payment of the balance of the promissory note by assuming the original mortgage. Having become party to the mortgage by its assumption, plaintiff cannot be considered a third-party entitled to protection under the public records doctrine. LSA-R.S. 9:2721-2733; La.C.C. art. 2266; Wood, 408 So.2d at 39. Further, plaintiff does not contend that its title to the property is affected by the unrecorded mortgage note. The purpose of the law of registry is to allow persons to deal with immovable property without going beyond the records to discover hidden defects or equities imposed upon the property by private individuals. Wright v. DeFatta, 142 So.2d 489 (La.App.2d Cir.1962), affirmed, 244 La. 251, 152 So.2d 10 (1963). As plaintiff complains only of the amount of money owed under an unrecorded note, the public records doctrine is perhaps not applicable even if plaintiff were held to be a third-party.
The undisputed facts clearly show that plaintiff is bound by the original mortgage note provision mandating a prepayment premium. Defendants are entitled to judgment in their favor as a matter of law.
For the foregoing reasons, the judgment of the district court granting defendants' motion for summary judgment is affirmed at plaintiff's cost.
AFFIRMED.