ROBERT J. BURNS, Judge Pro Tem.
Gulftrust Fund No. Fifteen, Inc. (Gulft-rust) appeals a judgment declaring the purported sale of immovable property situated in Kenner, Louisiana to be null and void. We affirm.
On September 1, 1989, Gulftrust and Ernest E. Hunt executed in authentic form an agreement entitled a “Sale Subject to Mortgage.” Under that agreement, Gulftrust supposedly acquired title to immovable property owned by Mr. Hunt but encumbered with first and second mortgages. The agreement provided that, while ownership of the property passed to Gulftrust, Mr. Hunt remained personally liable for payment of the mortgages on the property. The sales price was recited to be $33,-068.77, of which Mr. Hunt was to receive $1,000.00. The remaining portion of the sales price represented the balance due on the two mortgages.
Mr. Hunt filed suit against Gulftrust in district court, seeking to have the property sale declared a nullity. The parties concurred at the trial that Mr. Hunt only received $400.00 of the $1,000.00 cash payment specified by the agreement. However, the testimony of the parties conflicted regarding any further understandings as to the sales price or its payment. At the trial’s conclusion, the judge ruled in favor of Mr. Hunt and declared the sale null. He also ordered the return of the $400.00 paid by Gulftrust to Mr. Hunt.
Gulftrust first contends that the trial judge erroneously concluded the transaction between the parties to be a sale with assumption of mortgage, as opposed to a sale subject to mortgage. In its appellate brief, Gulftrust correctly notes the legal distinction between these two types of sales. See Leisure Villa Investors v. Life & Cas. Ins., 527 So.2d 520, 523 (La.App. 3rd Cir.1988), writ denied, 532 So.2d 157 (La.1988). The trial judge did not conclude, however, that the transaction at issue constituted a sale with assumption of mortgage. Rather, he commented on the convoluted nature of this purported sale[1] and referred to the parties’ apparent disagreement over assumption of the mortgages as illustrative of that comment. This specification of error therefore lacks merit.
The remaining error assignments challenge the district court judgment declaring this sale null for lack of consideration. Gulftrust argues that the parties to this case entered into an enforceable sale supported by adequate consideration.
A valid sale in Louisiana requires concurrence on three elements: the thing sold, the price, and the consent of the parties. La.Civ.Code art. 2439. The specific amount of the sales price need not be stated at the time of contracting. The parties are free to agree upon a price to be fixed by computation, arbitration or any other method of calculation. The essential factor is that the parties reach a meeting of the minds as to price. Benglis Sash & Door Co. v. Leonards, 387 So.2d 1171, 1172-1173 (La.1980).
The sale of immovable property must be made by authentic act or under private signature. La.Civ.Code art. 2440. An authentic act constitutes full proof of the agreement contained in it as against the contracting parties. La.Civ.Code art. 1835. Under the parol evidence rule, embodied in Article 1848 of the Louisiana Civil Code, testimonial or other evidence may *27 not be admitted to negate or vary the contents of an authentic act or an act under private signature. However, Article 1848 recognizes an exception to that rule: parol evidence may be admitted, in the interest of justice, to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement. A party to an authentic act who alleges that the act was executed through fraud, error or mistake may be permitted to introduce parol evidence to support such allegations. Mitchell v. Clark, 448 So.2d 681 (La.1984); Billingsley v. Bach Energy Corp., 588 So.2d 786 (La.App. 2nd Cir.1991).
Although the property sale at issue was executed in authentic form, neither party invoked the parole evidence rule in this case. During trial parol testimony was admitted, without objection, to explain the dealings and intentions of the parties. Mr. Hunt testified that the agent of Gulft-rust with whom he negotiated the sale advised that the company would make the mortgage payments after acquiring the property. ' The Gulftrust representative who appeared at trial unequivocally denied any such understanding with Mr. Hunt. The sale agreement executed by Gulftrust and Mr. Hunt specified $33,068.77 as the price to be paid by Gulftrust for the property. However, $32,068.77 of that sales price represented the balance due on the two mortgages for which the sale agreement obligated Mr. Hunt to remain personally liable. The agreement itself thus refutes the validity of its own price provision.
The conflicting testimony of the parties and the invalid price provision contained in the sale agreement establish that Gulftrust and Mr. Hunt failed to reach a meeting of the minds as to price. Benglis Sash & Door Co. v. Leonards, supra. As a result, there was no contract of sale between these parties which can be given legal effect. First National Bank of Ruston v. Mercer, 448 So.2d 1369, 1375 (La.App. 2d Cir.1984). The trial judge correctly declared the purported sale between Gulft-rust and Mr. Hunt to be a nullity, and he properly returned the parties to their original positions by ordering repayment of the $400.00 Mr. Hunt received from Gulftrust.
Accordingly, the district court judgment is affirmed with Gulftrust to bear costs of this appeal.
AFFIRMED.

. The sale instrument in this case is so inartfully drafted that it fails to even specify that title to the property is conveyed from one party to another.